THE PULLMAN PALACE CAR COMPANY v. A. L. SMITH.

No. 3211.

1. **Neglect to Awaken Passengers in Sleeping Car.**— See allegations showing a cause of action against the Pullman Car Company for neglect of its servants to awaken passengers in time to leave the car at their place of destination.

2. **Evidence Competent.** — Husband and wife were caused to alight from the sleeper attached to a railway train at the water stand some distance from the depot in the night time. Injury to the wife's health was alleged as one ground of damages. *Held*, it was competent for the wife to testify, "I know of nothing else that could have caused my illness except the exposure to which I was subjected on the morning when I got off the train."

3. **Evidence Relevant.**—Loss of time being alleged as basis for damages, it was relevant to show the occupation of the plaintiff, the salary earned, and time lost.

4. **Declarations of Patient to Physician.**—It was not error to allow the physician called to testify to the state of health and physical condition of an injured party to relate as a basis for the opinion, etc., the patient's declarations as to her exposure and following illness and its symptoms. But even if introduced as original testimony it would be no ground of reversal, as the same facts had been testified to by the patient and there was no conflict in the testimony.

5. **Error in Charge Held Immaterial—Contributory Negligence.**—An error in the charge upon contributory negligence by the plaintiff is not material when there was no testimony to contributory negligence and no injury resulted.

**6. Liability of Sleeping Car Company.** — While the railway company would be liable to a passenger injured by being put off the sleeper at an improper place, still the appellant having by its own servants the control of its cars and its passengers, it is also liable where injury results from the negligence of its servants.

**7. Sleeping Car—Duty.**—The obligation to awake and notify the passenger in time for him to prepare to leave the train with comfort and safety at the point of destination is directly involved in the contract for the use of the sleeping berth.

ERROR from Kaufman. Tried below before Hon. Anson Rainey. The opinion gives a statement.

*Percy Roberts* and *R. P. Willing*, for plaintiff in error.— 1. The court erred in overruling the defendant's general demurrer to the plaintiff's petition. Railway v. Ray, 102 U. S., 451; Lawrence v. Pullman Co., 10 N. E. Rep., 723; Railway v. Fitzgerald, 47 Ind., 79; Pullman Co. v. Taylor, 65 Ind., 153.

2. The testimony of the witness as to Mrs. Smith's statements was hearsay, and his opinion as an expert was not based on the supposed truth of the testimony of the witnesses, but was based in part on what Mrs. Smith told him, while attending her, relative to her exposure at the water tank and from what he learned and saw of her condition while attending her, and determined an issue in the cause. Willis Bros. v. McNeill, 57 Texas, 465; Railway v. De Milley, 60 Texas, 194; Milwaukee, etc., Co. vs. Kellogg, 94 U. S., 469; Rogers on Exp. Test., secs. 8–14.

3. The jury were instructed that if the negligence of defendant's agents was the direct and proximate cause of the injury complained of the plaintiff could recover, although the negligence of the plaintiff and his wife contributed thereto.

4. The plaintiff having contracted with the railway company for the transportation of himself and wife, it was the duty of that company and not the duty of the defendant to notify them of their arrival at stations.

5. It was neither alleged nor shown by the evidence that it was the duty of the porter of the Pullman Company to give notice to passengers of the arrival of the train at stations, or that he was acting in the scope of his employment as the servant of that company in so doing.

*Shelton F. Leake* and *Word & Charlton*, for defendant in error.— 1. It was the duty of the agents in charge of the Pullman palace car to notify passengers when and where to get off.

2. The agents in charge of the car having put Mrs. Smith off before she reached Terrell, and at such time and place and under such circumstances as that she was injured thereby, the Pullman Car Company is liable for such damages, if any, as she sustained. Pullman Co. v. Pollock, 69 Texas, 120; Railway v. Stringfellow, 51 Am. Rep., 598; Railway v. Garcia, 62 Texas, 288; Railway v. Greenlee, 62 Texas, 344.

HENRY, Associate Justice.—This suit was brought by the appellee against the Pullman Palace Car Company, a corporation, to recover damages.

The petition alleges that plaintiff and his wife engaged passage on a train of the Texas & Pacific Railway Company to Terrell, in this State. That being such passengers, they at a point in the State of Louisiana applied to the defendant corporation for and obtained from it berths on the Pullman sleeping car which was run in connection with the train on said railway. That shortly after entering said sleeping car plaintiff and his wife retired and were asleep. That under the rules and regulations of defendant and by common usage and practice defendant's agents in charge of said car were bound to awake plaintiff and his wife in time to enable them to dress and get off the train at Terrell, the place of their destination, and that they relied on them to do so. That said agents went to sleep and neglected their duty. That when said train reached the water tank about one-half mile east of the passenger depot at Terrell, which it did about 5 o'clock on the morning of February 5, 1889, it was stopped for the purpose of taking on a supply of water and for other purposes, and that this fact was known or should have been known to defendant's agents. That when said train had stopped at said water tank defendant's said agents awoke plaintiff and his wife and told them that they were at the depot and to hurry off. That said agents caused plaintiff and his wife to get off of said car at said water tank. That in the excitement and rush incident to the announcement that the train was at Terrell and that all must hurry off, plaintiff's wife was pushed and shoved off and down the car steps to the ground, some three feet in distance. That his wife had no time to properly dress herself. That it was a cold and damp morning, dark, and misting rain; that the ground and grass were wet from recent rains. That as soon as plaintiff and his wife were off the train, and before they had learned of the mistake and that the depot had not been reached, the train moved off and left them standing in the rain, mud, and cold. That plaintiff and his wife were strangers in Terrell and did not know where the depot and hotels were situated. That it was so dark as to make it impossible for them to move with discretion, and that they were forced to remain standing at the water tank for a great while in the rain, mud, and cold. That plaintiff's wife was greatly frightened and was made sick by the exposure, and that she was confined to her bed and unable to care for herself for more than five weeks. That plaintiff was forced to provide medical aid for her and pay therefor, and that plaintiff was forced to remain away from his home (which was in the State of Louisiana) and his business to give his attention to his wife for more than two weeks, and suffered much mental anguish on account of his wife's condition. That his wife suffered greatly, and that her health was permanently impaired because of the premises.

We think that the petition states a good cause of action, and that there was no error in overruling defendant's demurrer.

Judgment was rendered in favor of the plaintiff on the verdict of a jury for $1125.

The wife of plaintiff gave her deposition as a witness, detailing very fully the circumstances of her exposure and sickness, and in reply to a question said: "I know of nothing else that could have caused my illness except the exposure to which I was subjected on the morning when I got off the train."

There was no error in overruling defendant's objection to this evidence.

The plaintiff, on his examination as a witness, made the following statement: "I was getting a salary of $1250 per annum, eight month's school, as professor in the State Normal, and lost three weeks in attending my wife, which it was necessary for me to do." The defendant objected to the evidence, and now assigns error in its admission upon the ground that it was irrelevant.

One of the elements of damage stated in plaintiff's petition was loss of his own time while attending and nursing his wife. Evidence tending to prove that issue can not be considered irrelevant.

We find no error in the action of the court in permitting the physician who attended Mrs. Smith during her illness to state what she told him while he was treating her, about her exposure at the place where she left the train in connection with his own opinion as to the cause of her sickness.

The statement was made as the basis of the doctor's opinion and not as independent evidence to establish the fact of exposure. Even had the latter been the purpose it would furnish no ground for the reversal of the judgment, as both the wife and the husband had as witnesses themselves fully stated every fact upon the subject, and there was no opposing evidence with regard to the circumstances attending their leaving the train and the exposure that followed it.

Appellant complains of the following extract from the charge of the court:

"If defendant's agent was guilty of negligence to the plaintiff's damage, and plaintiff or wife were also guilty of negligence which contributed to the injury or damage, the defendant can not be held liable for such damage or injury unless it has been shown that the negligence of defendant's agent was the direct and proximate cause of the damage."

Abstractly considered, this charge was erroneous. It relieved the plaintiff from the effect of the contributory negligence of himself and his wife if such negligence had existed.

The record, however, contains no evidence whatever tending to show negligence upon the part of the plaintiff or of his wife at the time the wrong was committed, and therefore no charge upon contributory negligence was

called for or proper. The charge as given could not prejudice defendant under the proof.

While it is true that the contract for carriage was with the railroad company and not with the defendant, and that the railroad company was under obligations to plaintiff as a carrier for which it would have been liable to him for damages if it had failed in its duty, it still remains to be said that the defendant also owed certain duties to the passengers. Pullman Co. v. Pollock, 69 Texas, 120; Pullman Co. v. Matthews, 74 Texas, 654.

The evidence shows that the Pullman car was hauled by the railroad company, and that the porter and conductor on the sleeping car were the servants and under the control of the sleeping car company.

The record contains no evidence with regard to rules, regulations, or usages relating to the transportation of passengers on such cars. It does show that the defendant, and not the railroad company, received the compensation for and undertook to furnish the sleeping accommodations, and that they at least were under the exclusive control of the defendant.

Whatever may be the duty of the railroad company with regard to notifying its passengers, including such as may be in the sleeping car, of its arrival at the station to which they are destined, we are not able to conclude that the servants of the defendant owe no such duty to the sleeping passenger. On the contrary, we think that the obligation to awake and notify the passenger in time for him to prepare to safely and comfortably leave the train at the point of his destination is directly involved in the contract for the use of the sleeping berth.

In this case the servant of the defendant assumed the discharge of that duty, and from that fact, as well as the failure of the defendant to introduce any evidence explaining what the duties of its servants were or as to what are the usages and rules in force on its cars, it may properly be presumed that the servant of defendant was acting within the scope of his employment. There can be no doubt that the negligent discharge of the duty resulted in damage to the plaintiff.

The judgment is affirmed.

*Affirmed.*

Delivered December 12, 1890.

Motion for rehearing was transferred to Galveston and there overruled.

*Percy Roberts,* for motion.