CASE 103—PETITION ORDINARY—January 19.

# Sutton v. Morris.

### APPEAL FROM NELSON CIRCUIT COURT.

1. WRONG DOERS—CONTRIBUTION BETWEEN, FOR TORT.—The right of contribution does not exist between wrong doers where the person who seeks to compel contribution knew, or must be presumed to have known that the act was unlawful; and one who has been indicted and convicted of unlawfully, wilfully and feloniously cutting and carrying away timber from the land of another, is precluded from alleging and showing subsequently in a civil action that it was by the authority of another that he committed the offense charged in the indictment, and thereby compel contribution from such person.

LAFE S. PENCE FOR APPELLANT.

1. The attempt to plead as a counter-claim the fine and expenses growing out of the indictment in an action *ex contractu* can not be done. Pritchard v. Peace, 17 Ky. Law Rep., 665; Bowen v. Sebree, 2d Bush, 116.

2. Morris can not maintain a valid claim against Sutton for contribution growing out of their joint wrongful act. Am. & Eng. Enc. of Law, vol. 22, page 347, and authorities there cited.

JOHN S. KELLY FOR APPELLEE.

1. The sale of growing trees in prospect of immediate severance is a sale of chattels. Cane v. Maguire, 13 B. M., 340; 4 Met., 372. And in a sale of chattels a warranty is implied. Benjamin on Sales, sec. 639; Chism v. Woods; Hardin, 531; Payne v. Rodden, 4 Bibb., 304; Chancellor v. Wiggin, 4 B. M., 202.

And appellant having warranted his title, and appellee having been required in a suit by Mrs. Gaddie to pay for the timber cut by him and warranted by appellant, appellant is liable to appellee on his warranty. Dent v. McGrath, 3d Bush, 175; Boy v. Day, 3 Bush, 617.

2. Where one sells chattels to which he knows he has not title, and with fraudulent purpose, he is liable for all damages resulting from his fraud. Bartlet v. Humphrey; Hardin, 515; Benjamin on Sales, sec. 627; Sutherland on Damages, vol. 2, page 422, 423, 424 and 425, and authorities there cited.

Sutton v. Morris.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

This action was instituted by the appellant, Sutton, against the appellee, Morris, to recover on a contract which the parties had made, by which Sutton sold to Morris certain saw timber on three hundred acres of "knob land," which Morris was to cut, haul and saw into lumber, and for which he was to pay Sutton twenty cents per hundred feet. The appellee, Morris, pleads a counterclaim which is alleged to be the result of a wrong of Sutton. It is claimed by Morris that under the contract Sutton was to point out to the hands, whom Morris might send to cut the timber, the boundary to his land; and that Sutton pointed out the boundary in such a way as to include part of the land of Ida Gaddie from which appellee's hands cut and removed timber, for the cutting and removal of which the appellee was indicted in the Marion Circuit Court, convicted and fined $50, and was adjudged to pay twenty odd dollars, besides he was compelled to pay expenses and attorney's fees in the defense of the prosecution. It is claimed, by reason of Sutton's act as described, the plaintiff was damaged in the manner indicated $125, and he pleads this alleged damage as a counterclaim. It is plain, to constitute a counterclaim under section 96, Civil Code of Practice, that two things must exist: First, a cause of action in favor of the defendant against the plaintiff; second, that it arises out of the contract or transaction stated in the petition as the foundation of plaintiff's demand, or which is connected with the subject of the action. It is the first condition stated which we will consider. If no cause of action exists in favor of the defendant against the plaintiff upon the facts

stated, it is needless to inquire as to whether the alleged cause of action arises out of the contract stated in the petition. It is the general rule that the right of contribution does not exist between wrongdoers. This principle was recognized to be true in Minnis v. Johnson, 1 Duvall, 171. The subject is not elaborated in that opinion. It seems that this rule should be confined to cases where the person who seeks to compel contribution knew, or must be presumed to have known, that the act was unlawful. Where there has been an intentional violation of law, or where the wrongdoer is presumed to have known that the act is unlawful, no right of contribution existed.

It was said in Jacobs v. Pollard, 10 Cush. (Mass.), 287: "No one can be permitted to relieve himself from the consequences of having intentionally committed an unlawful act, by seeking an indemnity or contribution from those with whom, or by whose authority, such unlawful act was committed. But justice and sound policy, upon which this salutary rule is founded, alike require that it should not be extended to cases where parties have acted in good faith, without any unlawful design, or for the purpose of asserting a right in themselves or others, although they may have thereby infringed upon the legal rights of third persons. It is only when a person knows, or must be presumed to know, that his act was unlawful that the law will refuse to aid him in seeking an indemnity or contribution. It is the unlawful intention to violate another's rights, or a willful ignorance and disregard of those rights, which deprives a party of his legal remedy in such cases."

We have been unable to find any case where the same

question was involved as in this case. We are of the opinion that the party is presumed to know the penal and criminal laws of the State. Although the information which Morris may have obtained from Sutton would not justify him in wrongdoing, but as he has been adjudged guilty as a wrongdoer it seems to us that he has no cause of action against Sutton for the losses which he sustained by reason of his prosecution and conviction. The indictment under which Morris was convicted charged that he did "unlawfully, willfully and feloniously *cut or saw down and carried a way a lot of timber*" growing upon the lands of Gaddie.

We think his conviction precludes him alleging and showing that it was by the authority of Sutton that he committed the offense charged in the indictment. The policy of the law is to refuse redress by way of contribution to wrongdoers, and it seems to us to allow the appellee to maintain his counterclaim for contribution on account of the fine, the cost of the prosecution and cost of his defense which he was compelled to pay would be violative of the rule which denies redress to wrongdoers. In so far as the instruction permitted the jury to allow Morris the damage resulting from the fine assessed against him, the cost recovered against him in the prosecution, and the expenses which he had paid in the defense of it, they were erroneous.

The court erred in discharging the attachment on the face of the papers, as it appears the necessary allegations were made to entitle the plaintiff to an order of attachment.

The judgment is reversed.