## Pullman Company v. S. C. Hoyle et al.

### Decided December 9, 1908.

**1.—Abatement—Two Pending Suits.**

Plaintiff sued a railway and a sleeping car company jointly for injuries to a passenger, and subsequently brought suit on the same cause of action against the sleeping car company alone. Held, that the pendency of the latter suit was not ground for abating the first. Payne v. Benham, 16 Texas, 367, and Trawick v. Martin, 74 Texas, 522, distinguished, as involving the right to abate the second action, and as cases where the parties were identical. If plaintiff could be required to elect which action to prosecute, his insistence on proceeding with the first was such election.

**2.—Passenger—Damages—Proximate Cause.**

Where a woman passenger was directed by those in charge of a sleeping car to get off on the stopping of the train before reaching the depot at her destination, personal injuries received by reason of her having to walk to the depot carrying her child and baggage were natural and probable results of such wrong and damages therefor were recoverable.

**3.—Brief—Assignments—Propositions.**

An assignment of error not presenting a distinct proposition for reversal nor followed by such proposition thereunder will not be considered.

**4.—Pleading—Damages—Proximate Cause.**

Allegations that the injury complained of resulted from the negligent acts alleged held sufficient.

**5.—Evidence—Causal Connection.**

It was proper to ask plaintiff, who sued to recover for personal injuries causing sickness, whether anything other than the injuries complained of had occurred to cause such sickness.

**6.—Evidence—Medical Expert.**

A physician may give his opinion as an expert, both as to present condition of a patient, and as to probable result of illness.

**7.—Evidence—Effect of Illness on Mind.**

A member of plaintiff's family, not an expert, was properly permitted to testify as to the cheerful temper of plaintiff prior to injuries and resulting sickness attributed to defendant's negligence, and the reverse mental condition afterwards.

**8.—Passenger—Peremptory Instruction for Plaintiff.**

Where the uncontradicted evidence for both parties showed that a passenger was directed to leave the train at the wrong point, a peremptory instruction to find for plaintiff, submitting only the controverted issue as to whether damages were more than nominal, was proper.

**9.—Passenger—Sleeping Car—Degree of Care.**

A sleeping car company is held to the same degree of care as the railway with respect to negligence of its servants causing injury to its passengers.

**10.—Railway—Sleeping Car Company—Indemnity.**

Where injury to a passenger was caused solely by the negligence of the servants of a sleeping car company having exclusive control of its car and passengers, the railway company, jointly sued and held liable because of its relation of carrier to the passenger, could recover over against the sleeping car company, independently of any contract for indemnity.

**11.—Codefendants—Liability as between—Pleading.**

Matters in avoidance of the allegations in a plea by one defendant for indemnity from his codefendant should be pleaded, in order to support a charge on the issue raised by evidence supporting them.

Appeal from the District Court of Robertson County. Tried below before Hon. J. C. Scott.

*Bailey, Woods & Morehead, Bartholomew,* and *Guinn & McNeil,* for appellant.—On defendant's plea in abatement: Payne v. Benham, 16 Texas, 367; Trawick v. Martin, 74 Texas, 522; Wilson v. Milliken, 44 S. W., 660; O'Calahan v. O'Brian, 116 Fed. Rep., 934; Barber v. Morris, 132 Fed. Rep., 1; Burk v. McCaffrey, 136 Fed. Rep., 696.

The injuries were not a proximate result of the negligence alleged: Scheffer v. Railway Co., 105 U. S., 252; Railway Co. v. Simking, 54 Texas, 620; Railway Co. v. Le Gerse, 51 Texas, 201; Brandon v. Manuf. Co., 51 Texas, 127, 128; Railway Co. v. Murphy, 46 Texas, 356.

The negligence alleged was not the act of defendant nor within the scope of its servants' authority. Savannah, etc., Ry. v. Wall, 96 Ga., 328; Higgins v. Western Un., 50 N. E., 500; Penn. Ry. Co. v. Roy, 102 U. S., 451; Thorp v. N. Y. Cent., 76 N. Y., 402; Kingsley v. Railway Co., 125 Mass., 54; 29 A. & E. R. Cases (new series), notes 170, particularly secs. A., B., D. and G., pp. 180-182; 28 Am. & Eng. R. Cases, p. 386; Broom's Legal Maxims, 849.

The court erred in the first paragraph of its charge when it charged the jury to return a verdict for the plaintiff against both defendants. Galveston, H. & S. A. Ry. Co. v. Nass, 94 Texas, 255; 57 S. W., 870; Jones v. Parker, 42 S. W., 123; Eppstein v. Thomas, 16 Texas Civ. App., 619; Hofins v. Dobin, 91 Texas, 289; Railway Co. v. Nass, 94 Texas, 289; 52 S. W., 124.

The Pullman Company was not a common carrier; the duty of discharging passengers was a railroad facility, and the Pullman employes were acting under the authority and instructions of their superior, the railroad people. Also the Pullman porter, when he discharged the passenger, acted with ordinary care. Thorpe v. Railway Co., 76 N. Y., 406; Penn. Ry. Co. v. Roy, 102 U. S., 415; Stewart v. Railway Co., 90 N. Y., 590; Higgins v. W. U. Tel. Co., 50 N. E., 500; Kingsley v. Railway Co., 125 Mass., 54; Railway Co. v. Wall., 96 Ga., 328.

There are no pleadings to authorize indemnity, because it is not claimed by the Railroad Company that the Pullman Company was under contract to indemnify it in the discharge of one of its legal duties nor that such was the usage or custom. Railway Co. v. Nass., 94 Texas.

*N. A. Stedman, John M. King* and *Doremus & Butler,* for appellee, International & G. N. R. Co.—The Pullman Company whose car is attached to the train of a railroad company, and which is under the control of said Pullman Company, who owns and operates such car, for hire, is regarded under the law as a passenger carrier. Pullman Co. v. Pollock, 69 Texas, 123; Pullman Co. v. Smith, 79 Texas, 833.

One who is only a technical wrong-doer, and has not actually joined in the wrong, can upon being compelled to pay damages for the wrong, exact indemnity from the actual tort-feasor. Pullman Co. v. Smith, 79 Texas, 833; Norton v. M., K. & T. Ry. Co., 91 S. W., 843; International Light Company v. Maxwell, 27 Texas Civ. App., 294; Frankenthal v. Lingo, 16 Texas Civ. App., 229; Old Colony R. R. Co. v. Stevens, 12 Am. St. Rep., 558; Stanley v. Union Dept. Co., 21 S. W., 833; City of Ft. Worth v. Allen, 10 Texas Civ. App., 488; City of San Antonio v. Smith, 94 Texas, 271: Sutton v. Morris, 44 S. W., 127; Weathers v. Kansas City, 86 S. W., 909; Roberts v. Trammel, 83 S. W., 265; San Antonio Gas Co. v. Singleton, 24 Texas Civ. App., 341; Cooley on Torts (2d ed.), p. 167, sec. 145.

The Pullman Company under the facts of this case, being a carrier of passengers, is liable in damages which accrue to passengers in its care, by neglect against which human prudence, diligence and skill can reasonably guard, and it is liable for a negligent performance of such duties to its passengers independent of any contract to indemnify the railroad for a failure to discharge its legal duty, and the Pullman Company, being solely the wrong-doer, the railroad company is entitled to indemnity regardless of any contract requiring the Pullman Company to do so. Pullman Co. v. Pollock, 69 Texas, 123; Pullman Co. v. Smith, 79 Texas, 472; Norton v. M., K. & T. Ry. Co., 91 S. W., 843; Stanley v. Union Depot Co., 21 S. W., 833; Sanger v. Morris, 44 S. W., 127; Pope v. Hays, 19 Texas, 378; City of San Antonio v. Smith, 94 Texas, 271; Black on Law and Practice in Accident Cases, 107; Hale on Torts, 124; 4 Am. & Eng. Enc. Law, 14.

*Scott, Sanford & Ross,* for appellee Hoyle.—On the well settled doctrine in Texas of the duty which sleeping car companies owe to their passengers, we cite the following authorities: Pullman Co. v. Smith, 79 Texas, 468; Pullman Co. v. Pollock, 69 Texas, 120; Pullman Co. v. Newton, 91 S. W., 841. Also the following authorities in other jurisdic-

tions: Pullman Co. v. Campbell, 42 Fed., 484; Mann Boudoir Co. v. Dupree, 58 Am. & Eng. Ry. Cases, 575.

These authorities sustain the proposition that witnesses who are not experts are competent to testify whether a person with whom they are familiarly associated is in good or bad health. Gulf, C. & S. F. Ry. Co. v. Reagan, 34 S. W., 796; Galveston, H. & S. A. Ry. Co. v. Wesch, 85 Texas, 593; St. Louis etc. Ry. Co. v. Brown, 30 Texas Civ. App., 57; Brown v. Mitchell, 75 Texas, 9; 87 Texas, 140; Garrison v. Blanton, 48 Texas, 301; Chicago City Ry. Co. v. Van Vleck, 143 Ill., 480; Tierney v. Minn. & St. Ry. Co., 33 Minn., 311; 53 Am. Rep., 35; Staring v. W. U. Tel. Co., 58 Hun., 606; Sherman v. Village of Oneonta, 66 Hun., 629; Norton v. Moore, 40 Tenn., 480; Smalley v. City of Appleton, 70 Wis., 340; Lawson, Expert Evidence, 470-473.

Where two wrongdoers made defendants, are both liable to plaintiff, but are not in pari delicto, the defendant secondarily liable is entitled to judgment over against the defendant primarily liable. City of Ft. Worth v. Allen, 10 Texas Civ. App., 488; City of Brooklyn v. Brooklyn City Ry. Co., 47 N. Y., 475; Chicago v. Robbinson, 2 Black, 418; Woburn v. Henshaw, 101 Mass., 193; Lowell v. B. & L. Ry. Co., 23 Pick., 24; Westfield v. Mayo, 122 Mass., 100; Bishop on Non. Cont. Law, sec. 535, and cases cited; Shearman & Redfield on Law of Negligence, sec. 24 A., 301-338, and cases cited, also sections 343 and 384, and cases cited.

RICE, ASSOCIATE JUSTICE.—This suit was instituted by S. C. Hoyle, one of the appellees, against the Pullman Company and also against the International & Great Northern Railroad Company, for the recovery of damages for personal injuries alleged to have been sustained by his wife, Mrs. Mabel A. Hoyle, resulting from having been wrongfully caused to debark from a Pullman sleeper, before the arrival of the train at the station of Hearne, which was her destination, she being a passenger thereon.

It was substantially alleged that about October 19, 1903, Mrs. Mabel A. Hoyle, wife of plaintiff, purchased from the defendant railroad company a ticket at San Antonio, Texas, for passage upon its trains from said city to Hearne, and by virtue thereof, took passage upon defendant's passenger train for said town; and that she also at said time purchased a ticket from the agent of the Pullman Company, which entitled her to the privilege of a berth upon said sleeper enroute from San Antonio to Hearne; whereupon it became the duty of both said defendants to safely transport her to said town of Hearne, and to afford her a reasonable opportunity to alight from said train at the regular stopping place at Hearne. That both said defendants, through their agents and servants operating said train of cars, instead of stopping said train at the regular stopping place at the station of Hearne, and giving her a reasonable opportunity to alight therefrom, by their negligence and carelessness, caused plaintiff's wife to disembark from said train at another and different place than said station or regular stopping place, to wit: at a point some half mile from said station; that the agents and servants of said defendant Railroad Company and Pullman Company, before reaching said station, informed plaintiff's wife that said train had reached said station of Hearne, and directed her to alight and disembark there-

from; that she being unacquainted with the locality, it being in the night-time and dark, and not knowing that the train had not reached said station, and relying upon the representations so made to her by the agents and servants of said Company, with her fourteen month old baby and with her baggage, alighted from said train as directed; whereupon said train moved off and left her standing in the dark, without protection and assistance to reach said depot, at which place she expected to take passage upon the train of another railway company; that being thus left alone, she was compelled to walk the distance from said place where she had been so negligently caused to alight to the depot, and to carry her baby and baggage, which were too heavy for her strength; that upon her arrival at said station she was completely exhausted, badly frightened, her nerves and nervous system greatly shocked, and that the effort of carrying said burdens permanently strained her back, kidneys, womb and ovaries, and that she contracted a very severe cold and cough therefrom; that as a result of her injuries she suffered great physical pain in the parts mentioned, and became and was seriously and permanently injured, and that said injuries were the direct and proximate result of the negligence and carelessness of said defendants, their agents and employes, in causing her to alight from said train at a place other than the regular station. That prior to said injuries his said wife, who was 26 years of age, was healthy, stout and robust, capable of great exertion and work, but that since said time she has become sickly, is an invalid, unable to exert herself, and by reason thereof has suffered great physical pain and mental anguish, to her damage in the sum of $5000.

The Railway Company answered by general and special denial and by plea of contributory negligence on the part of plaintiff's wife in alighting without question or protest in the dark, and in attempting to walk and carry such burden, and which carelessness on her part caused her injuries, if any. It also alleged that it stopped its train in obedience to the interlocking switch signal, which required it to stop its train, and was not guilty of any negligence by reason of such act; that while said train had so stopped, the Pullman Company, its servants and porter caused plaintiff's wife to alight at the wrong place, and that if she sustained the injuries complained of, they were the result of the negligence of said Company's servants, and not of the Railway Company; and prayed in the event that the plaintiff recovered in this suit, that the Railway Company have judgment by way of indemnity over against the Pullman Company.

The Pullman Company answered by a general and special demurrer, alleging that the plaintiff's petition did not show that his wife's injuries were the natural and proximate result of the wrongful act of the Pullman Company, and that said injuries are remote and consequential, and that it did not appear that the servant giving her the information to alight was acting within the scope of his employment, or was the act of the Pullman Company, and that no liability rested upon it by reason thereof. And after a general denial it specially plead that it was not a common carrier, or engaged in the transportation of passengers, but alleged that it merely manufactured sleeping cars and rented them out to railroad companies, and in this instance the cars were so rented, and were under the control and management of the

Railway Company, and that the Pullman Company only furnished the sleeping and toilet accommodations, and that the porter was acting as the servant of the Railway Company at the time alleged, and that the acts complained of were not within the scope of his employment; that the train did stop within 75 yards of the station platform and that its employes believed that the train was making its usual stop, having no notice to the contrary from the Railway Company; that other passengers debarked from the railroad coach, and that defendant's porter had every reason to believe, on this account, after hearing the usual whistle, that the train was at the proper place; that its porter in assisting passengers off the train was performing a duty required of the Railway Company, and if he was mistaken in inviting passengers to alight at said point, it was by reason of the failure of the train conductor to properly superintend the discharge of the passengers. It further specially denied that plaintiff's wife was without protection or assistance in reaching the depot, and denied that she carried the burdens complained of, but that an employe of the Railway Company took charge of her and her baggage and helped her to the depot; that there was nothing to excite or frighten her and cause the injuries complained of, and that if she had been healthy and strong, as claimed, that the exertion of merely carrying her child a short distance would not have produced the trouble complained of. It further alleged that plaintiff's wife had been previously ill, and that her injuries resulted from said former sickness, and not from the acts of defendant Company. It further alleged that it was not liable as a common carrier, but was only required to use reasonable care, which it had exercised.

A jury trial resulted in a verdict and judgment in favor of plaintiff against both defendants for the sum of $2500, and in favor of the Railway Company against the Pullman Company for the amount of the judgment recovered by plaintiff, from which judgment the Pullman Company alone has appealed.

All parties to this appeal have filed briefs, the Railway Company and Hoyle both asserting the correctness of the judgment rendered. We will first notice those assignments which urge error so far as the rulings of the trial court relate to appellee Hoyle before treating of those asserting the incorrectness of the judgment over against appellant in favor of the Railway Company.

The first assignment complains of the action of the court in overruling appellant's plea in abatement. Besides the present suit, the plaintiff had subsequently filed another suit in the same court based on the same cause of action against the Pullman Company alone. Appellant set up this fact in a plea in abatement, asking that plaintiff be required to elect which suit he would prosecute, and that he be compelled to dismiss one of said suits, which was overruled. In this ruling of the court, we think there was no error because this motion, being made in the present suit and not in the second suit, it did not fall within the principle announced in Payne v. Benham, 16 Texas, 367, and Trawick v. Martin, 74 Texas, 522. Besides this, there was no identity of parties in these two suits. In addition to this, the prosecution of the present suit was in fact an election on the part of plaintiff as to which of them he would prosecute, and was so regarded by the trial court,

as shown by his explanation to the bill of exception. And when the second suit is reached the court will no doubt cause plaintiff to dismiss the same at his cost, which seems to us, a sufficient penalty for having filed two suits involving the same matter.

By its second assignment appellant urges that the court erred in overruling its special demurrer, which in effect alleged that it appeared from the petition that plaintiff's injury was not the natural and proximate result of any unlawful act on the part of appellant, and that the injuries complained of were too remote and consequential. We think it sufficiently appears from the petition that the injuries complained of by plaintiff resulted from the negligent act of appellant in directing his wife to alight in the night time before arriving at the station, and that in an attempt to reach said station with her baggage and baby, she was injured as complained of. Appellant under the law owed plaintiff's wife the duty of safely discharging her at her destination from its cars, and if it was negligent in this respect, whereby injury resulted to her, it was liable therefor, because a wrongdoer should be held liable for the natural and probable consequences of its wrongful act. (Pullman Co. v. Smith, 79 Texas, 468; Pullman Co. v. Pollock, 69 Texas, 120; Pullman Co. v. Norton, 91 S. W., 841; Campbell v. Pullman Co., 42 Fed., 484; Mann Boudoir Co. v. Dupre, 58 Am. & Eng. Ry. Cases, 575). See, also East Tennessee, Va., & Ga. Ry. Co. v. Lockhart, 79 Ala., 315.

Appellant's third, fourth, fifth, sixth, eighth, ninth, tenth, eleventh, sixteenth, seventeenth and eighteenth assignments of errors fail to state any proposition under them or either of them, nor are such assignments adopted as propositions, nor do they in themselves take the place of propositions. Its brief, therefore, is not in compliance with the rules and decisions of the court in this respect, for which we would be justified in not considering them at all. (Rules 29 and 30 Crt. of Civ. Apps.; D'Arrigo v. Texas Produce Co., 18 Texas Civ. App., 41.)

However, as to the third assignment we think it sufficient to say that there is no merit, for the reason that the petition does charge that the injury resulted from the negligent acts of the servants of both companies.

The fourth assignment urges that the court erred in admitting over defendant's objection Mrs. Hoyle's answer to the following question: "Has there anything of any character happened to you that you know of that could cause the said affliction other than disembarking from the said train under the circumstances surrounding you at the time?" To which she answered "No, there was not." The objection, as shown by the bill, to this question and answer is that the same was irrelevant, misleading and not admissible and calculated to prejudice the rights of this defendant. A similar question and answer were held admissible in the case of Pullman Co. v. Smith, supra. We see no reason why this testimony was not admissible, because no one could know better than the plaintiff's wife as to whether anything had happened to her prior to this time that would likely cause the injuries from which she suffered, it being shown that she was healthy prior thereto.

The objection to the answers of the witness Dr. Robinson, as complained of in the fifth assignment, is not well taken, because it was

shown that he was an expert, and as such it was permissible for him to give his opinion as to the condition of Mrs. Hoyle's health, and the probable result of her illness.

The sixth and seventh assignments of error complain of the action of the court in allowing the father of plaintiff's wife to testify that her health was good and her disposition bright and cheerful prior to the occurrence complained of, and that the reverse was true since then.

We think this evidence related to a pertinent issue, and certainly her father, with whom plaintiff's wife had lived from infancy, was competent to state the facts relative to her health and disposition. This was not expert testimony and did not come within the rules relating thereto. (Gulf, C. & S. F. Ry. Co. v. Reagan, 34 S. W., 796; Lawson Exp. & Op. Evi., 470-473.)

In addition to the fact that the eighth, ninth, tenth and eleventh assignments do not conform to the rules heretofore mentioned, said assignments are indefinite and do not sufficiently point out the objection complained of.

By its twelfth assignment, appellant urges that the court erred in peremptorily directing a verdict for plaintiff against both defendants. The first paragraph of the charge directs the jury to return a verdict for nominal damages as against both defendants, but as to substantial damages the charge directly and pertinently applies the law to the facts in evidence, only authorizing a verdict against said defendants in the event the jury should believe from the evidence that plaintiff's wife was injured by reason of the facts alleged in the petition, and that the same were the proximate result of the negligence of said defendants, or either of them. The uncontradicted evidence in the record, including the testimony of all of the defendant's witnesses among whom were the trainmen in charge of the particular train, shows that Mrs. Hoyle was put off the train at the wrong place and not at the regular station. And the evidence further shows that appellant's porter, at the time he caused plaintiff's wife to disembark from the train, knew that they had not reached the station, and with this knowledge put her off. Appellant company owed plaintiff's wife the duty to see that she did not alight from the train until she had reached her station. Therefore there was no issue raised by the evidence on this question; and, so far as nominal damages were concerned, it was the duty of the court to charge as it did. In Hutchinson on Carriers, vol. 2, p. 53, sec. 1145, it is said: "A sleeping car company is bound to provide careful and competent servants. In fact, there seems to be no good reason why the sleeping car company should not be held to the same high degree of accountability for the wrongful and tortious acts of its servants as is exacted of common carriers of passengers, and especially of carriers by rail."

By its thirteenth assignment it is urged that the court erred in the second paragraph of its charge to the jury, wherein, in effect, it is told to return a verdict in favor of the Railroad Company against the Pullman Company for such amount as they might find in favor of plaintiff, if they believed from the evidence that the injury, if any, which plaintiff's wife sustained was the direct and proximate result of the negligence of the Pullman Company and not the negligence of the Railroad Company. Replying to said contention the Railway Company urges

that the Pullman Company, under the facts, was a carrier of passengers and was liable in damages to a passenger for any negligence against which human prudence, diligence and skill could reasonably guard, and was liable for the negligent performance of such duty to its passengers, independent of any contract to indemnify the railroad company for a failure to discharge its legal duty, and that as the Pullman Company was the sole wrongdoer, the Railroad Company was entitled to indemnity, regardless of any contract requiring the Pullman Company so to do. The evidence shows that the Railroad Company had nothing to do with the discharge of passengers riding in the sleeper, but that it was the duty of the Pullman Company to see that such passengers were properly looked ·after and aided by it in getting on and off its cars. The evidence further showed that the Pullman Company prohibited the trainmen from entering its cars, or having anything whatever to do with the Pullman passengers, or the business of the car, except to take up the railroad fare and transportation of such passengers. It is also shown that the conductor and porter of the Pullman Company were employed and paid by it and not by the Railroad Company, and were under its control. And it further appeared that Mrs. Hoyle was caused to debark from the train on account of the negligence of the Pullman porter. Under the circumstances it seems to us that the principle that where two wrongdoers are sought to be held liable to a plaintiff, but they are not in pari delicto, but one is only passively negligent, and is therefore secondarily liable, the latter ought to be entitled to judgment over in its favor against the other tort feasor who is primarily liable, and that this is true irrespective of any contract of indemnity inter se. (Pullman Co. v. Pollock, supra; Pullman Co. v. Smith, supra; Norton v. Missouri, K. & T. Ry. Co., 91 S. W., 843; Stanley v. Union Depot Co., 21 S. W., 833; Sutton v. Morris, 44 S. W., 127; City of Ft. Worth v. Allen, 10 Texas Civ. App., 488; City of San Antonio v. Smith, 94 Texas, 271; Black on Law & Practice in Accident Cases, 107; Hale on Torts, 124; 4 Am. & Eng. Enc. Law, 14.)

By its sixteenth assignment of error appellant urges that the court erred in refusing to give special charges four and five, asked by it, which are as follows: "If you believe from the evidence that the Pullman porter in discharging the plaintiff's wife from the car, acted in a reasonably prudent manner, that is, such as an ordinarily prudent person would have acted under the same circumstances, and you further believe from the evidence that the defendant railroad company's conductor knew of or saw the plaintiff's wife so discharged in time to stop the train and take her aboard and could have done so, and in so knowing it refused to stop and hold the train so that the plaintiff's wife could get on the train, then you are instructed that you can not find against the defendant, the Pullman Company, at all, but your verdict for damages, if any, should be against the Railroad Company.

"If you believe from the evidence that the debarking of Kerlicks at the time and place as shown by the evidence, caused the Pullman porter to believe that the said place was the proper place for him to discharge plaintiff's wife; and if you further believe that the debarking of said Kerlicks and wife would have led a reasonably and ordinarily prudent man to have believed that said place was the proper place for the dis-

charge of plaintiff's wife, then you will find for the defendant Pullman Company."

The plaintiff's wife testified that when she alighted from the train, a gentleman who was standing near by, who had also alighted therefrom, asked the conductor why he had put them off before they got to the station, and he replied that they had stopped to put Kerlicks and his wife off. It appears from the testimony of all the other witnesses, however, that Mrs. Hoyle was mistaken in these remarks having been addressed to the conductor, and all the evidence went to show that the train was not stopped for Kerlicks and his wife to alight, but was stopped for another purpose. But, admitting that the conductor did know of the fact that plaintiff's wife had been improperly put off, and with such knowledge caused the train to proceed, leaving her at the place she alighted, still we think this charge ought not to have been given for the reason that there was no pleading on the part of the Pullman Company setting up such fact as a defense or making such issue, and without which the law is well settled that the charge ought not to have been given.

What has been heretofore said, we think, will in the main dispose of the questions raised by the other assignments. It will therefore be needless to discuss same.

The evidence, in our judgment, was sufficient to show negligence on the part of the defendants as alleged, and that the injuries sustained by plaintiff's wife resulted therefrom; and, failing to find any such error in the proceedings of the trial court as will warrant a reversal of this judgment, the same is in all things affirmed.

*Affirmed.*

Writ of error refused.