**PULLMAN CO. v. COX et ux.    (No. 7785.)**

(Court of Civil Appeals of Texas. Galveston. Jan. 9, 1920. Rehearing Denied Feb. 19, 1920.)

1. Process ⊙═➤6—Reservice of citation on bringing in of new plaintiff not necessary.

Where, in an action for injuries to plaintiff's wife, defendant moved for a peremptory instruction on the ground that such damages were not recoverable by the husband, whereupon he filed an amended petition making the wife a party plaintiff, it was not necessary to again serve defendant with citation.

2. Appeal and error ⊙═➤883—Defendant participating in trial estopped to object that citation was not reserved.

Where, on amendment of the petition to join plaintiff's wife as plaintiff in an action for injuries to her, defendant was offered by the court the right to withdraw its announcement

of ready and have the cause continued and recover all costs incurred up to that time, but declined to avail itself of such ruling and merely excepted to the ruling permitting the amendment and participated in the trial taking its chance of a favorable result, it could not, after judgment against it, contend that the proceedings were invalid for failure to serve it with citation after the amendment.

**3. Husband and wife ⚫204 — Husband may sue for injuries to wife, though damages are her separate property.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 1839, authorizing the husband to sue alone or jointly with the wife for the recovery of her separate property, is not in conflict with or repealed by Acts 35th Leg. (1917) c. 194 (Vernon's Ann. Civ. St. Supp. 1918, art. 4621.), giving the wife the sole management, disposition, and control of her separate property, and the husband may therefore sue for personal injury to the wife, though the damages are her separate property under Acts 34th Leg. (1915) c. 54 (Vernon's Ann. Civ. St. Supp. 1918, art. 4621a).

**4. Husband and wife ⚫137(1)—Husband not authorized to interfere with control or disposition of wife's property.**

The authority conferred on the husband by Vernon's Sayles' Ann. Civ. St. 1914, art. 1839, to sue for the recovery of the wife's separate property, only makes him her agent for the protection of her property and confers no authority to interfere with her management, control, or disposition of the property.

**5. Husband and wife ⚫229(2)—Husband suing for wife's injuries need not allege that suit is brought for her benefit.**

In a husband's action for injuries to his wife under Vernon's Sayles' Ann. Civ. St. 1914, art. 1839, the petition need not allege that the suit is brought by the husband as agent of the wife or for her benefit.

**6. ·Carriers ⚫416—Under petition carrier not entitled to exclusion of injuries caused by open window in sleeper.**

Where the petition alleged and the evidence showed that a passenger was compelled to vacate a warm bed in a drawing room and take a cold berth in the sleeper, it was immaterial how the berth became cold, and, in the absence of contributory negligence with respect to an open window, the carrier was not entitled to have the damages sustained by reason of the open window excluded, though the petition did not allege negligence respecting the open window.

**7. Carriers ⚫416 — Injuries held proximate result of compelling passenger to change berth.**

Where a passenger was compelled to vacate a drawing room and take a cold berth in a sleeper, where she contracted a severe cold, causing neuralgia which affected her teeth and required the removal of two of them, and as a result of such sickness she was unable to pursue her occupation of music teacher, the damages on account of the injury to and loss of

teeth and the loss of earnings were the proximate result of the negligence of the carrier.

**8. Carriers ⚫319(3) —_ $2,000 for injuries caused by taking cold not excessive.**

Where a passenger compelled to vacate a drawing room and take a cold berth in the sleeper contracted a severe cold, which continued for several weeks affecting her face and throat and producing neuralgia, inflammation, and soreness of the throat, and the neuralgia finally affected her teeth and required the removal of two teeth, and as a result of her sickness she was unable to pursue her occupation of music teacher, at which she was earning $25 a day for several weeks, a verdict of $2,000 was not excessive.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by Robert L. Cox and wife against the Pullman Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Andrews, Streetman, Logue & Mobley and W. L. Cook, all of Houston,·for appellant.

Love, Wagner & Wagner, of Houston, for appellees.

PLEASANTS, C. J. This suit was brought by Robert L. Cox to recover damages in the sum of $2,975 for injury caused his wife, Margaret A. Cox, by the alleged wrongful act of appellant in forcing her to abandon a drawing room in a sleeping car of appellant for which she had contracted and paid appellant, after she had retired for the night, and as a consequence of being deprived of the use of said drawing room and being compelled to sleep in an ordinary berth on the car, which was cold, and her being thus compelled to make such transfer from her warm bed in the drawing room to the cold berth, she was made sick and caused to suffer mental and physical pain.

It is alleged in plaintiff's petition that Mrs. Cox had originally bought a ticket calling for a lower berth, but after arriving at the train, because she was the only lady on the car and objected to the conduct of some men in the car, she arranged for the drawing room, paying the difference in price. The transactions are alleged in detail, as to how she retired for the night and was later awakened by the Pullman conductor, who is alleged to have roughly and· boisterously demanded and insisted that she transfer from the drawing room to the berth, asserting that she would have to pay an extra railroad fare in order to be· permitted to occupy the drawing room, in response to which demands Mrs. Cox says the transfer was made. It is further alleged that, because of the enforced transfer, she was subjected to embarrassment and mortification in the presence of other passengers in the car, was exposed to the cold, and contracted a severe cold, which was followed by neuralgia affecting her teeth, with the re-

⚫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sult that some of them had to be removed, and also affecting her physical condition to the extent that she, being a music teacher, missed a number of music lessons which she would otherwise have given, thereby causing financial loss.

The defendant answered by general demurrer, general denial, and special plea that it did not breach any contract with plaintiff, and that no breach of the contract caused or could have caused any of the injuries complained of by plaintiff. The defendant also denies that there was any cause whatever for mortification or humiliation of plaintiff's wife under the circumstances.

With leave of the court plaintiff filed a second amended petition after the evidence offered by plaintiff had been introduced and plaintiff had rested his case. This amendment was identical with the petition in lieu of which it was filed, except that Mrs. Cox thereby became a party plaintiff and joined with her husband in the prayer for recovery of damages.

The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiffs for the sum of $2,000.

[1] The first assignment of error complains of the judgment in favor of Mrs. Cox on the ground that the defendant had not been served with any process requiring it to answer to any demand of Mrs. Cox, and had not made an appearance nor waived service of process upon such demand.

The proposition presented under this assignment is as follows:

"Since no valid judgment can be entered in favor of one party and against another until the latter has been served with process requiring an answer, or until waiver of service and formal appearance, error is demonstrated, where, as in this case, a cause goes to trial with only one party plaintiff, and said plaintiff introduces all his evidence and rests his case, and, upon the defendant making a motion for a peremptory instruction, plaintiff then takes leave to amend, which leave is granted, over the exceptions of the defendant, and plaintiff files an amendment by means of which a second party plaintiff comes into the case and claims damages against said defendant in her own right, and not merely as a formal party; there being no issuance of process and no additional answer filed by the defendant, and no waiver of service."

The facts upon which the assignment is based are shown by the following bill of exceptions:

"Be it remembered that, on the trial of the above numbered and entitled cause, after the plaintiff had concluded the introduction of his evidence and rested his case, and before the defendant offered any evidence, the defendant filed in writing its request for a peremptory instruction, on the ground that the cause of action sued on was under the statute the separate property of the plaintiff's wife, Mrs. Margaret A. Cox, and during the argument upon said motion counsel for the plaintiff stated to the court that, if it was necessary to meet the contention presented by defendant's motion, they would ask leave to withdraw their announcement, and file an amended petition making Mrs. Margaret A. Cox a party plaintiff; whereupon the court stated that it would permit the plaintiff to file an amended petition making the said Margaret A. Cox a party plaintiff, and that it would permit the defendant to withdraw its announcement of ready, and continue the case in the event it should desire to do so, in view of such amended pleadings, and would also permit the defendant to file any pleadings in answer to said amendment which defendant's attorneys might deem advisable. That the attorneys for the defendant thereupon declined to avail itself of the right to continue the case or to file any additional pleadings, contending that if the amendment could properly be allowed there would be no need for additional pleadings, and if the same could not properly be permitted they could not and should not be required to file any further pleadings, and therefore the defendant took no action with reference to the amendment other than to except to the action of the court in permitting the amendment, and to the action of the court in overruling the request for a peremptory instruction.

"Plaintiff's attorney having, in accordance with the leave of the court granted as aforesaid, filed an amendment to the pleadings upon which Robert L. Cox went to trial in the cause, thereby making Mrs. Margaret A. Cox a party plaintiff, and asserting a right of recovery in her behalf against the defendant; whereupon the trial proceeded and the defendant introduced its evidence. But the defendant at all times reserved its exceptions to the court's action in permitting the amendment in question.

"After all the evidence was in, the defendant renewed its request for a peremptory instruction on the whole case upon the ground that no cause of action was shown in Robert L. Cox, and that Mrs. Margaret A. Cox was not a proper party plaintiff and was not properly made a party plaintiff, and upon the further ground that the defendant not having been served could not be required to respond to any cause of action asserted by said Mrs. Margaret A. Cox. The said request thus renewed the court overruled, to which the defendant in open court duly excepted."

[2] This assignment cannot be sustained. The cause of action asserted in the amended petition by which Mrs. Cox became a party plaintiff with her husband was identical with that asserted in the previous petitions to which defendant had answered, and, if the husband had not been entitled to recover the damages sustained by the wife as a result of the wrongful act of the defendant, we see no reason for holding that the defendant, after having by motion asked that judgment be rendered in its favor because Mrs. Cox was not a party plaintiff caused her to join her husband in prosecuting the suit, could not be required to answer the demand of plaintiffs until it had been served with citation thereon. Eversberg v. Miller, 56 S. W. 223. It had received all the notice of plaintiffs' demand

which a citation could have given it. Not only had it received such notice, but it had presented a general and special answer to plaintiffs' suit. In these circumstances it could have been no possible benefit to the defendant to have been served with a citation, and all that it could justly and reasonably insist upon was the right to withdraw its announcement of ready for trial and have the cause continued to the next term of the court, and recover all costs incurred prior to the filing of the amendment; and also to file amended pleading if it so desired. These rights were accorded it by the trial judge, but it declined to avail itself of this ruling of the court, and did not ask for a continuance of the cause, nor file any additional pleading, but contented itself with excepting to the ruling of the court permitting plaintiffs to file the amended petition, and then proceeded with its defense of the suit. There can be no question that, if the judgment had been in its favor, such judgment would have been binding on Mrs. Cox, and we think it clear that defendant is equally bound thereby. Having continued to participate in the trial and taking its chance on a favorable result, it should not be permitted, after judgment has gone against it, to say that the proceedings were invalid and the judgment not binding on it because it had not been served with citation after Mrs. Cox became plaintiff. A litigant will not be allowed to speculate in this way upon the result of a trial. The game of "heads I win, tails you lose," is not permissible under any rule of judicial procedure.

[3] We cannot, however, agree with appellant in its contention that plaintiff Robert L. Cox could not maintain this suit to recover damages for personal injury to his wife, which, when recovered, is by the Act of the 34th Legislature, c. 54 (article 4621a, Sup. Vernon's Sayles' Civil Statutes), made the separate property of the wife.

Article 1839 of our statutes (Vernon's Sayles' Civil Statutes) expressly authorizes the husband to sue alone or jointly with his wife for the recovery of her separate property, and we do not think this article was repealed or in any way affected by the Act of the 35th Legislature, c. 194, which provides that during marriage the wife shall have the sole management, disposition, and control of her separate property. Article 4621, Supplement Vernon's Sayles' Civil Statutes.

[4] There is no such conflict between the two statutes as to authorize the holding that the latter by implication repealed the former. The right of the wife to the sole management, control, and disposition of her separate property is in no way infringed upon by the authority conferred upon the husband to sue for and recover property of the wife wrongfully withheld from her. The authority so conferred upon the husband only makes him the agent of the wife for the protection of her property, and does not confer upon him any authority to in any way interfere with the management, control, or disposition of her property by the wife. Telephone Co. v. Burge, 192 S. W. 807.

[5] There is nothing in article 1839 which requires that the petition in a suit brought by the husband for the recovery of separate property of the wife must allege that the suit is brought by the husband as agent of the wife or for her benefit. If the petition in such case failed to show that the property belonged to the wife, and the proof showed it to be her separate property, it might be such a variance between the allegation and proof as would defeat the right of recovery; but no such question is presented by this record, because the petition shows that the property sued for is the separate property of the wife.

This disposes of appellant's second assignment of error, which complains of the judgment in favor of Robert L. Cox on the ground that it is not supported by the findings of the jury, nor by any evidence.

This cause was submitted to the jury upon special issues. In response to issues Nos. 1, 2, 3, 3a, and 3b, the jury found that the defendant's conductor in charge of the sleeping car on which Mrs. Cox was a passenger from Houston, Tex., to Palestine, Tex., on the date alleged in the petition, did as alleged in the petition negligently compel her to vacate the drawing room after she had retired for the night, and that such negligence was the proximate cause of the injuries complained of in the petition.

In response to issues Nos. 4 and 5, the jury found that, as a direct and proximate result of her being compelled to vacate the drawing room and being exposed to the cold, Mrs. Cox contracted neuralgia, and was caused to suffer physical and mental pain.

Issue No. 6 was as follows:

"What amount of money, if paid in hand at this time, will fairly and reasonably compensate plaintiffs for the damages sustained by them as a direct and proximate result of the plaintiff Margaret A. Cox being compelled to vacate said drawing room, and as a result of exposure to the cold incident thereto, taking into account such injuries, if any, the loss of time, mental and physical pain, if any, as are alleged and shown by the evidence to have been suffered and sustained by her on the occasion in question?

"You will answer this question by stating the amount, if any, which you may so find."

In response to this issue the jury found the sum of $2,000.

At the request of defendant the following issue was submitted:

"If, in answer to special issue No. 6, you fix any amount as representing damages, you will answer this question:

"What amount, in dollars and cents, of such

damages so fixed by you, do you find proximately resulted solely from the open window of the berth occupied by Mrs. Cox on such journey?"

In response to this issue the jury answered: "We can't arrive at an amount."

[6] No question is raised by appellant as to the sufficiency of the evidence to sustain the finding of the jury upon the issue of the negligence of defendant's conductor in the respects alleged in the petition, or the finding that as a proximate result of such negligence Mrs. Cox was caused to suffer some physical and mental pain; but it is insisted that in finding the amount of damage the jury took into consideration and included damages resulting from a cause not alleged in the petition nor shown by the evidence to have been negligence on the part of the defendant; and it is further insisted that the larger portion of the damages claimed to have been sustained by her were too remote to be deemed a proximate result of the negligence alleged in the petition.

The negligence charged against the defendant and the damages resulting therefrom are thus stated in the petition:

"That during the night, and while said plaintiff Margaret A. Cox was sleeping in said drawing room, the agents and servants of the defendant aroused the plaintiff Margaret A. Cox, and entered said drawing room and compelled her to vacate the same after she had undressed and retired, and after the weather had become cold during the night, and refused to permit her to continue to occupy said drawing room unless she should purchase and pay for another railroad ticket, and upon her refusal to do so the agents and servants of said defendant in charge of said car in a rough and boisterous manner demanded that she vacate said drawing room and forced and compelled her to do so, and compelled and forced her to occupy another berth or compartment in the other or main portion of said sleeping car, in which such other disagreeable guests were located, and that the acts and conduct of defendant's said agents aroused other guests on said sleeping car and directed their attention to the plaintiff Margaret A. Cox, and created the impression among said guests that plaintiff was attempting to occupy said drawing room without having paid therefor. That the plaintiff Margaret A. Cox was by said agents and servants of said defendant compelled to arise from her bed in said drawing room and go into the other or main portion of said sleeping car, and go into and occupy another berth therein for the remainder of said journey, and that by reason thereof she was subjected to great humiliation, embarrassment, and mortification, and was exposed to the cold, and as a result thereof suffered and sustained the damages hereinafter set forth.

"That the acts and conduct of the agents and servants of the defendant, as hereinbefore set forth, were wrongful and grossly negligent, and in violation of the rights and duty owing by said defendant and its agents and servants to plaintiff Margaret A. Cox as a passenger or guest upon said sleeping car, and as an occupant of said drawing room therein, under the contract previously made between plaintiff's said wife and the agents and servants of the defendant thereunto duly authorized.

"That as a result of the acts and conduct of the defendant and its agents and servants, as hereinbefore alleged, the plaintiff Margaret A. Cox was exposed to the cold, and as a result thereof she contracted a severe case of inflammation and neuralgia of the head, face, nose, and throat, etc., by reason of which the muscles, nerves, and tendons of her said neck, face, nose, and throat became swollen and inflamed and her teeth and jaws infected, thereby causing her great pain and suffering and which resulted in such pain and, injury to her said face, teeth, and jaws as that it became necessary for her to have two of her teeth thereafter extracted with the consequent pain and suffering attendant thereon. That the plaintiff Margaret A. Cox also suffered a nervous shock or chill producing insomnia, as a result of which her normal sleep and rest has been so impaired as that she has suffered and will continue to suffer as the result thereof. That the plaintiff Margaret A. Cox was at the time of the injuries hereinbefore set out a music teacher and was earning and able to earn the sum of $25 per day as teacher of music, and that as a result of the injuries sustained by her as a direct and proximate result of the wrongs and injuries committed by the defendant and its agents and servants, as hereinbefore alleged, she was unable to perform her duties in that regard for a period of 45 days, and the plaintiff lost the amount which she would have earned during said period while she was incapacitated to pursue the work of her profession. That, after the expiration of 45 days from the date of her said injuries, plaintiff Margaret A. Cox was unable, because of such injuries, to pursue the work of her said profession as she could and would have done but for such injuries, and by reason thereof her capacity to earn money was greatly diminished and impaired for a period of more than six months.

"That plaintiff Margaret A. Cox also suffered great mental pain and humiliation by reason of the acts and conduct of said defendant and its agents and servants, as hereinbefore alleged. That by reason of the facts hereinbefore alleged plaintiffs have sustained actual damages in the sum of $2,975."

The third assignment of error complains of the refusal of the court to instruct the jury that they could not include as an element of damage any damage sustained by Mrs. Cox resulting from the open window in the berth occupied by her on the night in question after she had been compelled to vacate the drawing room, because the allegations and proof were insufficient to justify a recovery of such damages.

The evidence shows that a window in the berth occupied by Mrs. Cox was raised when she got into the berth. The shade to the window was down, and she did not discover that the window was raised until some time, probably an hour, after she got in the berth. During this time she suffered from the cold.

It was a cold night, and she testified that she began to suffer from the cold when she was forced out of bed in the drawing room where she was warm and comfortable. After she got in the berth, she continued to suffer from cold until she finally discovered the window was up, when she called for the porter, and in a short time the conductor answered her call and lowered the window. After the window was lowered, the cold was less, and after a while she ceased to suffer therefrom. She was in good health when she got in the car that night, but when she reached Palestine the next morning she was suffering from a severe cold which continued for several weeks, affecting her face and throat, producing neuralgia, inflammation and soreness of the throat. She testified that the neuralgia finally became so acute that it affected her teeth and required the removal of two of them to allay her suffering. As a result of this sickness, she was unable to pursue her occupation of music teacher for several weeks and lost the compensation she would have received for her services.

It is true the petition makes no mention of the open window, and the only negligence charged was the wrongful act of the conductor in compelling Mrs. Cox to vacate her warm bed in the drawing room and take a cold berth in the sleeper. We think the evidence sustains this charge, and it becomes immaterial how the sleeper berth became cold so long as its condition was not due to negligence on the part of Mrs. Cox, and there is neither pleading nor evidence charging her with contributory negligence in not seeing that the window to her berth was lowered before she got into the berth or sooner than it was lowered. In these circumstances, we do not think that the jury should have been told that they could not consider any damage that Mrs. Cox may have sustained by reason of the open window. The open window was but an incident of the situation into which she was forced by the negligence of the defendant, and, while not in itself a ground of negligence upon which recovery was sought, its evidential bearing upon the situation could properly be considered by the jury, and as found by them it was impossible to determine what, if any, portion of the damage sustained was wholly due to the open window. We think the assignment should be overruled.

[7] The fourth and fifth assignments complain of the refusal of the court to instruct the jury not to allow any damages on account of the injury and loss to Mrs. Cox's teeth nor on account of her loss by being unable to give music lessons, on the ground that such damages, if any, were not a proximate result of the negligence of defendant alleged in the petition.

These assignments must be overruled. We think the evidence justifies the conclusion that the sickness and suffering of Mrs. Cox, the loss of her teeth, and the pecuniary loss sustained by her inability to pursue her occupation as a music teacher, were a natural and probable result of the negligence of the defendant in forcing her on a cold night, after she had retired, to leave a warm bed, go out of the drawing room, and occupy a cold berth in the sleeping car. The rule adopted by our Supreme Court upon the question of proximate cause in suits by a passenger for breach of the contract of carriage is much more liberal than that laid down in the old case of Hadley v. Baxendale.

In the case of Ry. Co. v. Terry, 62 Tex. 380, 50 Am. Rep. 529, the question is discussed by the court and the old rule is modified. Under the rule laid down in the case cited, we think the damages above mentioned were recoverable in this suit. Pullman Co. v. Booth, 28 S. W. 719; Pullman Co. v. Smith, 79 Tex. 468, 14 S. W. 993, 13 L. R. A. 215, 23 Am. St. Rep. 356; Pullman Co. v. Hoyle, 52 Tex. Civ. App. 534, 115 S. W. 319.

It follows from this conclusion that the court did not err in submitting these elements of damage to the jury, and the sixth assignment, which complains of the charge on this ground, cannot be sustained.

[8] We cannot say under the evidence that the verdict in this case is so large that the jury in fixing the amount of the damages sustained by Mrs. Cox must have been influenced by passion or prejudice, or acted from some improper motive, and the assignment attacking the verdict as excessive must be overruled.

We think the judgment should be affirmed, and it has been so ordered.

Affirmed.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes