No. 2331.

PULLMAN PALACE CAR COMPANY *v.* A. F. POLLOCK.

1. COMMON CARRIERS.—Considerations of public policy require that a company operating a sleeping car attached to a railway train, and used for the comfort and transportation of passengers, should use reasonable care to guard the passengers from theft. When a failure to exercise such care results in the loss by theft of such personal effects as a passenger may reasonably carry with him, the sleeping car company is liable.

2. SAME.—The liability of the sleeping car company is not affected by the fact that the railway company, to whose train the sleeping car is attached may receive the greater part of the money paid by the passenger for his transportation. The sleeping car company is still a carrier of passengers, and it is liable as such.

8. SAME.—If the passenger retains the exclusive control of his baggage, the carrier is not responsible for its loss, unless such loss results from the carrier's negligence.

APPEAL from Marion. Tried below before the Hon. W. P. McLean.

*Wm. Burry, Scott & Jones* and *Todd & Rowell*, for appellant: That the Pullman Company is not a common carrier, and is not held to the liability incident to common carriers, they cited Dargen v. Pullman Palace Car Company, 26 American and English Railroad Cases, 146; Pullman Palace Car Company v. Smith, 73 Illinois, 360; Cohen v. Frost, 2 Duer, 335; Crystal Palace v. Vanderpool, 16 B. Monroe, 307; Welch v. Pullman Palace Car Company, 16 Abbott's Practice, n. s., 352; Clark v. Burns, 118 Massachusetts, 275; Tracy v. Pullman Palace Car Company, 67 Howard's Practice, 154; Pardee v. New York Central Company, 1 Railway Cor. Law Jr., 490; Gaylord v. Pullman Palace Car Company, 6 Kentucky Law Report., 279; Stearne v. Pullman Palace Car Company, 21 American and English Railroad Cases, 443; Keith v. Pullman Palace Car Company, 17 Chicago Legal News, 196; Whitney v. Pullman Palace Car Company, 9 Northeastern Reporter, 619.

That when a passenger being transported on a railway car, steamboat, stage coach, etc., elects to retain possession and control of his own property and baggage, and the same is lost, the company transporting such passenger is not liable for the loss, they cited 2 Blackstone's Commentaries, 451; Story on Bailments, secs. 2, 532; Redfield's Law of Railways, pages 65, 434; Thompson's Carriers of Passengers, 513.

*C. A. Culberson,* for appellee: That it was the duty of appellant to exercise care and protection over the valise of appellee, such as would be dictated by the circumstances and to see that proper precautions were taken against theft; and failing to do so in this case, it is liable, cited Thomp. Car. Pas., page 530, sec. 20; Palace Car Co. v. Gardner, 16 American and English Railroad Cases, 324, and authorities; Railroad Company v. Handy, 56 American Reports, 846, and note; Lewis v. New York Sleeping Car Company, 28 American and English, Railroad cases 148; Dargen v. Car Company, 5 Texas Law Review 619; same case, 26 American and English Railroad Cases, 149, and note.

STAYTON, ASSOCIATE JUSTICE.  This action was brought by the appellee to recover the value of a valise and its contents, consisting of such articles as persons traveling need and usually carry with them.  The cause was tried without a jury and a judgment was rendered in favor of the plaintiff.

The facts are undisputed, and are in substance as follows: At Marshall the appellee engaged and paid for a berth in the sleeping car of the appellant, attached to a train on the Texas and Pacific Railway, his destination being Dallas. He entered the sleeper, carrying his valise, which he placed on the floor of the smoking room. When the train arrived at Terrell about night, it was ascertained that a wreck between that place and Dallas would cause some delay, and the train backed down to the depot and stopped. Pollock then went to the telegraph office to ascertain how long the train would be delayed, leaving the porter and conductor of the Pullman company in the sleeper. After remaining at the telegraph office a short time, he returned and on entering the car found that his valise was missing and that the porter was not in the car. He, however, found the conductor in the rear end of the sleeper, to whom he made known his loss, whereupon the conductor informed him that he was then on his first trip as conductor and not familiar with the details of his duties.

The loss occurred on October 27, 1886, and the train reached Terrell about six or seven o'clock p. m. The doors of the sleeper were open when the appellee returned to it after going to the telegraph office. The evidence tends to show that the porter knew that the appellee deposited his valise on the floor of the smoking room of the sleeper. The conclusions of law and fact found by the judge who tried the cause seem not to have been asked, or, at least, are not found in the transcript. There is no evidence tending to show the true relation between the railway company and the appellant, or tending to show the true relation of the appellant to persons who after having acquired the right to be transported and to occupy a berth in its sleeper, entered it with his baggage, further than as this may appear from the statement already made. Enough, however, appears to show that the appellant assumed to the appellees the duties of a carrier, and while it is evidently true that it did not assume the duties and liabilities which the common law imposes upon common carriers as to ordinary freight, or the liabilities which the inn keeper assumes to guests; yet we see no reason why it should not be held responsible just as any common carrier would be held responsible, for a failure to perform the duties which devolve upon the common carrier in relation to the baggage of a passenger which is not given into the carrier's exclusive custody.

The true rule, in this class of cases, we believe to be that asserted by the Supreme Court of Massachusetts in the case of Lewis v. New York Sleeping Car Company, 28 American and English Railroad Cases, 150. In that case it is said that "While it is not liable as a common carrier or as an inn holder, yet it is its clear duty to use reasonable care to guard the passengers from theft; and if through want of such care the personal effects of a passenger, such as he might reasonably carry with him, are stolen, the company is liable therefor. Such a rule is required by public policy and by the true interest of both the passenger and the company, and the decided weight of authority supports it. (Woodruff Sleeping Car Company v. Diehl, 84 Indiana, 474; Pullman Palace Car Company v. Gardner, 3 Pennypacker, 78; Pullman Palace Car Company v. Gaylord, 23 American Law Register, n. s., 788."

The facts that a railway company to whose train a sleeping car may be attached may not own such car or control its internal management, and that the same may be under the control of a company who does own and operate such car, and that the minimum compensation for transportation may be paid to the company to whose train the sleeper is attached, do not deprive the company so owning and operating a sleeping car of the character of passenger carrier; for the contract of such a company is not only that the passenger may sit and sleep in the car during the journey for which he contracts, but it goes further, and binds the owner of such car to transport the passenger in it, or some like carriage, to the place of destination, the passenger having paid the fare demanded by both companies.

If passengers by railway train retain the exclusive custody of their baggage, then the carrier is not responsible for its loss unless this results from the carrier's negligence, and the failure of a passenger to use reasonable care in reference to it will defeat his right to recover.

In the case before us, the court below, in the absence of conclusions of fact and law showing to the contrary, must be presumed to have decided this case in accordance with the rules we have announced. This involved a finding of fact that the valise was lost by reason of the failure of the appellant to use such care as the law requires, and so, without failure on the part of the appellee, to use that care required of him. Under

the evidence, we are not prepared to hold that such a finding of fact was not authorized, and the judgment must be affirmed.

*Affirmed.*

Opinion delivered October 28, 1887,