PULLMAN PALACE CAR COMPANY v. J. H. MATTHEWS.

No. 2848.

1. **Sleeping Car Company—Negligence.**—A sleeping car company which hires a sleeping car to a railway company, reserving only the right to collect fares for the use of berths, keeping its own servants on the car, though not liable as a common carrier, must yet use reasonable care to guard passengers from theft, and if through want of such care the personal effects of a passenger, such as a passenger might reasonably carry with him are stolen, the company is liable.

2. **Negligence—Same.**—Though one who has paid for the privilege of occupying such sleeping car may be negligent in leaving his personal effects unguarded in his sleeping berth, yet if in an action to recover damages for the loss thereof it is manifest from the evidence that either no loss occurred, or the servants of the company stole the property, and the court as an issue of fact finds for the plaintiff, there being evidence to sustain the finding, the judgment will not be reversed on appeal. The fact that plaintiff's negligence presented a temptation to the employes of the company did not relieve it from the duty to protect the passenger against them.

APPEAL from Morris. Tried below before Hon. John L. Sheppard. The opinion states the case.

*Todd & Hudgins*, for appellant.—1. Appellant, being a sleeping car company, is not liable as a common carrier or insurer of passengers' money or other property against loss by theft, and it is only bound to exercise ordinary care for the security thereof. Pullman Co. v. Pollock, 69 Texas, 122; Dargan v. P. P. C. Co., 2 Ct. App. C. C., 607; P. P. C. Co. v. Smith, 73 Ill., 360; Thomp. on Carriers, 531; Clark v. Burns, 118 Mass., 275; Kingsbury v. L. S. Ry., 125 Mass., 54.

2. The plaintiff's conduct and actions with reference to his pocket book constitute contributory negligence such as precludes a recovery by him in this case. Pullman Co. v. Pollock, 69 Texas, 123; Whitney v. P. P. C. Co., 143 Mass., 243; P. P. C. Co. v. Smith, 73 Ill., 360.

*Moore & Hart*, for appellee.—1. While appellant may not be liable as an inn keeper or common carrier, it is required to exercise ordinary care for the security of passengers' valuables, and such care should be greater at night than in the day time. Pollock v. P. C. Co., 69 Texas, 122; Dargan v. P. C. Co., 2 Ct. App. C. C., 607; Thomp. on Carriers, sec. 20.

2. The circumstances under which appellee lost his money increased appellant's duty as to care and lessened appellee's responsibility as to the charge of negligence. Dargan v. P. C. Co., 2 Ct. App. C. C., sec. 607, and authorities; Thomp. on Carriers, sec. 20.

3. If appellant's servants stole appellee's money no amount of negligence on the part of appellee would relieve it from liability. Thomp. on Carriers, 277; 1 Add. on Torts., sec. 36; 4 Wait's Act. and Def., 410.

Henry, Associate Justice. — This cause originated in a Justice Court. Plaintiff testified that being a passenger on a Pullman sleeping car he was awakened by the conductor about five o'clock in the morning and informed that on account of a wreck ahead he would have to change cars; that having partially dressed himself he left his pocket book, containing one hundred and sixty-five dollars, lying upon the bedding of his berth, and went to the wash room, from where, having finished dressing, he went out of the car and forward to the wrecked train, some sixty or seventy yards distant; that immediately on arriving there he missed his pocket book and went back to recover it. He found the conductor and porter in the smoking room and informed them of his loss. They immediately made search for the missing pocket book without finding it. There were four other passengers in the car, who all returned to it soon after plaintiff did, and all of whom, with the conductor and porter, were searched without finding the money.

When plaintiff paid his fare he was handed a check upon which was printed the words: "Baggage, wearing apparel, money, jewelry, and other valuables taken into the car will be entirely at owner's risk, and employes of the company are forbidden to take charge of the same."

Plaintiff further testified that when he went to the wash room he found the four other passengers there, all of whom passed out of the car from the washing room without going back to or by the berth on which he left his pocket book, and that they did not return to the car until after he did. He testified that the place was in the woods, and he was not absent from the car more than three or four minutes, and that when he left the car no one remained in it except the conductor and the porter, who was a colored boy.

Defendant proved by the conductor of the train that it was engaged in the business of manufacturing sleeping cars and hiring them to the railroads, reserving the right to collect fares for the use of berths, and that defendant only charges for the use of its berths; that each Pullman car has its own conductor and porter; that witness (the conductor) sat during plaintiff's entire absence in the smoking department in a position that commanded the rear door of the car so that no one could enter or go out there without his seeing it, and that no one came to that door during plaintiff's absence except the train brakeman, who was employed by the railroad company and not by the Pullman Company; that the brakeman and other train men are by the rules of the Pullman Company permitted to have ingress and egress to and from the Pullman cars; that this brakeman passed through the car and out on to its rear platform to take in the train signals during plaintiff's absence from the car; that no one else was in the car in the meantime except witness and the porter; that witness did not take plaintiff's pocket book and did not know what became of it.

The porter testified for defendant that he was in the forward end of the

car while plaintiff was absent, and that no one could enter that end of the car without his seeing it; that no one entered that end during plaintiff's absence except the train brakeman, who went through to take in the signals. He testified that he did not take the pocket book and did know what became of it. This witness testified that the train brakeman, as he passed through the car, did not stop.

Plaintiff in rebuttal testified that when he returned to the car the conductor and porter were both in the smoking room. One of the passengers testified that he followed plaintiff on his return to the car, and that they found both the porter and conductor in the smoking room.

Plaintiff recovered and the defendant appeals and assigns errors as follows:

1. Because there was no evidence that defendant was negligent.

2. Because defendant was not a common carrier and is not responsible for loss of property taken into its cars by passengers unless such loss occurs through its negligence.

3. Because plaintiff's own negligence was the proximate cause of and contributed to his loss.

In the case of Pullman Company v. Pollack, 69 Texas, 120, the following language of the Supreme Court of Massachusetts, used in deciding the case of Lewis v. New York Sleeping Car Company, is quoted with approbation: "While it (the sleeping car company) is not liable as a common carrier or as an inn holder, yet it is its clear duty to use reasonable care to guard the passengers from theft; and if through want of such care the personal effects of a passenger, such as he might reasonably carry with him, are stolen the company is liable therefor."

We think this doctrine is as applicable to the case now before us as it was in the cases in which it was asserted.

The evidence suggests either that the plaintiff did not lose any money or that the servants of defendant, or one of them, found and appropriated it. The District Court found the issue in favor of the plaintiff and the judgment is sufficiently sustained by the evidence to make it our duty to affirm it, following the rule always enforced in such cases.

The position in which plaintiff left his money was unquestionably an act of negligence on his part, and if the evidence did not so conclusively exclude the idea of its having been taken by anybody except the servants of defendant who were in charge of the car he ought not to have had a recovery because of his own negligence.

The fact, however, that plaintiff's negligence furnished the temptation and opportunity to defendant's servants to take the money did not release it from its obligation to protect him against them.

The judgment is affirmed.

*Affirmed.*

Delivered November 1, 1889.