T. R. BONNER ET AL., RECEIVERS, v. RAFAEL LOPEZ DE MENDOZA.

(No. 3062.)

APPEAL from Galveston County.   Opinion by HURT, J.

WILLIE, MOTT & BALLINGER, counsel for appellants.

WAUL & WALKER, counsel for appellee.

§ 234. *Carrier of passengers; pleading contract of; sufficiency of.*   Appellee sued for the value of certain property left by him in one of the passenger coaches of the road.   Appellants pleaded general demurrer, general denial and contributory negligence.   The cause was tried by the court without a jury, and judgment for plaintiff for $402, with interest.   The court filed its conclusions of law and fact, and, these being excepted to, the case is hereby appealed.

The first error assigned is that the court erred in not sustaining the general demurrer to the petition.   Under this it is urged that "the petition nowhere sets up a contract with defendants for carriage, and fails to allege any consideration received by defendants for plaintiff's transportation, or any agreement on the part of defendants to carry him or his baggage."   The petition alleged that the defendants are receivers of and operate the International & Great Northern Railway; that plaintiff traveled from Houston to Galveston on one of the trains of said railway company, having prepaid his fare over said line for himself, his family, and his baggage, upon tickets which were recognized by the employees of said company.   We think this allegation sufficient to show that

the obligation resting upon the receivers was that which a carrier owes to a passenger, and that the petition was sufficient in this respect.

§ **235.** *Carriers of passengers; liability of for valuables left by passenger on train; petition setting up, held sufficient; contributory negligence, etc.* Appellants' second proposition under this assignment is that " a railroad company is not liable for the tortious acts of an employee done outside the scope of his duties, and outside the line of his employment." The petition alleged that, when the train reached Galveston, he was delayed a few minutes in leaving the passenger car in which he was seated, by reason of the numerous members of his family, and his small children, and the amount of his baggage; " that by the time they were ready to leave the car there were no passengers on the train, and no persons other than the employees of said company; that at the time they were about to leave the car one of said employees, who was in the car, and whose duty it was to be in the car at that time, and who was the only person except plaintiff and his family in the car, warned plaintiff to get off quickly, that the train was about to be moved to another part of the city; that on account of being hurried plaintiff hastened to descend to the depot platform with his family, and by reason of being thus hurried he left in the car in plain sight of said employee, and through him left in the possession of defendants, a small valise containing the funds of his necessary traveling expenses, and other articles essential to a traveler, to wit: An amount of Mexican silver dollars equal in value to $200 in American silver money; $12 in United States currency; one gold watch and chain, $175; one diamond ring, of the value of $40," etc.; that the employee of said railroad company knew of the valuable character of said valise before he arrived at Galveston, having seen its contents; that, immediately upon alighting upon the platform, he discovered that he had left the said valise

in the coach with said valuables therein, and that then
the train was moving off with the valise in the same
coach with the said employee who had warned him to get
off, and that said employee was then the sole occupant,
and had been such sole occupant from the time plaintiff
left the car; that he at once notified all the officials and
employees of the company at hand of his loss, and that
the valise was on the train then moving away, and no-
tified them then and there of the valuable character of
the contents of the valise then in defendants' exclusive
possession, and under their exclusive control, and de-
manded then and there, within five minutes of the time
defendants and their agents obtained possession, that
they should return the same to him, which they prom-
ised to do; that, upon his request as aforesaid, defend-
ants' agents having the power to return said valuables
promised to return the same, but wilfully and negligently
failed so to do.   It was further alleged that plaintiff was
a stranger and unacquainted with the English language,
and had never before been at Galveston, and, after noti-
fying defendants and their agents that they had such
valuables in their possession in said car, he trusted to the
promise which they gave that they would without delay
deliver his property to him; that, disregarding their
promise and obligations, the defendants and their agents
did not deliver the said property, and that they made no
pretense of doing so for three hours, though they could
have done so at once, for the train did not leave the
limits of Galveston city, and it was easy for them to re-
turn said valise, had they been disposed so to do; that,
after keeping the said valise and its contents continu-
ously in their possession three hours, the defendants'
agents and officials returned to him the valise rifled of
its contents.   Plaintiff says further that the said valise
and its contents were left in the exclusive control and
possession of defendants and their agents during the
whole time from the moment he left the train until they

returned the satchel, they knowing the whole time the value thereof, and assuming the care and custody thereof meanwhile; that no other persons than employees of defendants had access to said satchel or contents during said time. Plaintiff alleges that they failed to deliver the contents of said valise either through gross negligence, or by reason of the said valuables being appropriated by said defendants' employees to their own benefit, and that by a slight care of said property while in their possession they could have returned the said valuables intact to him; that, knowing the valuable character of the baggage in their possession, they kept the same in their possession and under their control continuously, and while so in their hands the said valuables were abstracted and lost to plaintiff."

The proposition of appellants may be conceded, but we are of the opinion that the petition is not subject to the objection urged. We think the legal principle stated has no application to the case made by the petition. This will more fully appear in the progress of this opinion. Other propositions are presented by appellants as follows: Proposition 3. A railroad company is not liable for loss or injury to the causing of which the plaintiff contributed, and the petition showed on its face contributory negligence on the part of plaintiff. Proposition 4. The petition charges the abstraction of the contents from the satchel to the employees of the International & Great Northern Railway Company, and not to employees of defendants. Proposition 5. Even if a contract for carriage was sufficiently pleaded, the responsibilities of defendants had ceased, the journey being completed.

As to the third proposition, we are of the opinion that, if the petition otherwise states a cause of action, the right of appellee to recover is not affected by the rule as to contributory negligence. Upon this question we think the rule announced by our supreme court in the case of Car Co. v. Matthews, 74 Tex. 656, is applicable to this

case as made by the petition.    It was there said: "The fact, however, that plaintiff's negligence furnished the temptation and opportunity to defendants' servants to take the money did not release it from its obligations to prote   him against them."

As to the fourth proposition, we think it apparent, when the petition is considered as a whole, that it charges that the acts complained of are sufficiently alleged to have been the acts of persons who were in the service of the receivers.

By the fifth proposition it is contended that the responsibility of defendants had ceased, the journey being completed; and this presents the important question in the case, and one upon which we have had some difficulty in reaching a conclusion entirely satisfactory.    Conceding that the journey had been completed, still we are of the opinion that a cause of action is shown, as the allegations of the petition, if true, clearly show that the property was taken by the servants of appellants in charge of the car.    There was no error in overruling the demurrer.    [Car Co. v. Matthews, *supra;* Burnell v. Railroad Co., 45 N. Y. 186.]

March 21, 1891.                                    Affirmed.