# Pullman Company v. Lutz.

*Damages for Failure to Notify Passenger of Arrival at Destination.*

(Decided Feb. 6, 1908.   45 South. 675.)

1. *Carriers; Sleeping Car Company; Duty to Passengers.*—A sleeping car company, although neither a common carrier nor an innkeeper, is nevertheless, a public servant and owes a duty to its patrons to notify them of their arrival at destination.

2. *Same; Duty of Carrier.*—The fact that a sleeping car company owes a duty to its patrons to notify them of their arrival at destination, does not relieve the carrier of its duty to notify such persons as its passengers of arrival at destination.

3. *Same; Exemplary Damages.*—On a failure of a sleeping car company to notify plaintiff of arrival at her destination she was entitled to recover exemplary damages, where the time, place and manner, in which plaintiff was put off the train thereafter were attended with circumstances of aggravation.

4. *Same; Excessive Damages.*—Where a passenger was not notified of arrival at her destination and the time, place and manner in which she was subsequently put off the train were attended with aggravation so as to entitle her to exemplary damages, and she suffered mental anguish and fright because of her surroundings when put off, a verdict for $1,000.00 compensatory damages and $500.00 punitive damages was not excessive. (Dowdell and Anderson, JJ., dissent in part.)

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by Mrs. F. J. Lutz against the Pullman Palace Car Company, for damages for carrying her beyond her destination, and putting her off after passing her destination. There was judgment for plaintiff in the sum of $1,000, from which defendant appeals. Affirmed.

KNOX, ACKER & BLACKMON, and CAMPBELL & WALKER, for appellant. The court was in error in holding that it was the duty of the Pullman Company to notify the plaintiff of her arrival at her destination. It is well settled that a sleeping car company is not a carrier.— Hutchinson on Carriers (3d Ed.), sec. 1130; *Cooney ·v. Pullman Car Co.*, 121 Ala. 368; *Pullman Co. v. Adams,* 120 Ala. 594; *Campbell v. Pullman Car Co.,* 42 Fed. 484; *Ulrich v. New York, etc. Ry. Co.,* 108 N. Y. 80; 25 A. & E. Ency. of Law, 110. The admission of illegal evidence will work a reversal unless it affirmatively appears that there is no injury.—*McAuley v. The State,* 96 Ala. 98; *Maxwell v. The State,* 89 Ala. 150; *Thomas v. deGraffenried,* 27 Ala. 651. The fact of the pulling of

[Pullman Company v. Lutz.]

the bell cord as a signal to the engineer to stop was a matter of inference for a jury and not a matter of fact to be proven by a witness.—19 Ala. 717; 26 Ala. 38; 23 Ala. 469; 23 S. E. 737. Punitive damages are not recoverable in this case and the verdict was excessive.—*A. G. S. R. R. Co. v. Powell,* 73 Ala. 244; *Snedicor v. Pope,* 143 Ala. 275; *Garrett v. Sewell,* 108 Ala. 521.

MATTHEWS & MATTHEWS, for appellee. It is clear that although the Pullman Company may not be a common carrier, it is subject to certain duties and obligations to those who use its cars by virtue of its public calling, and the duty to notify clearly exists.—*McKeon v. Railroad Co.,* 59 Am. St. Rep. 910; *Nevin v. Pullman Co.,* 46 Am. Rep. 688; *Pullman Co. v. Smith,* 13 L. R. A. 215; *Campbell v. Pullman,* 42 Fed. 484; 6 Cyc. 656, et. seq. The complaint is in substantial compliance with that in the case of *A. G. S. R. R. Co. v. Sellers,* 93 Ala. 9; *L. & N. R. R. Co. v. Dancy,* 97 Ala. 338. In regard to compensatory damages in cases such as this, fright, mental suffering, discomfort, humiliation, indignity and insult are elements of damages, as well as physical injury.—*E. T. V. & G. R. R. Co. v. Lockhart,* 79 Ala. 316; *Western Union v. Seed,* 115 Ala. 670; *L. & N. R. R. Co. v. Hines,* 121 Ala. 234. The judgment should not be set aside because the verdict is alleged to be excessive.—*Western Union v. Seed, supra; Ry. Co. v. Crowder,* 130 Ala. 256; *Birm. Ry. & E. Co. v. Baird,* 130 Ala. 356. The appearance of the plaintiff may be testified to.—*Taggert's case,* 143 Ala. 89; *Parrish v. The State,* 139 Ala. 45. The judgment of the court should be affirmed.—143 Ala. 220.

DOWDELL, J.—The complaint as amended averred the duty of the defendant to notify plaintiff of her arri-

val at her destination. It is unimportant whether the duty arose out of a special contract or out of the relation between the parties. It is urged in argument that, as the defendant was not a common carrier, the defendant was under no legal duty to notify a passenger being transported in one of its cars of arrival at his destination. We cannot give our assent to the proposition. Sleeping car companies, while neither common carriers nor innkeepers, are nevertheless as distinctly public servants as either of the former, with such duties imposed by law in their relation to the general public as fairly and reasonably pertains to the business and arise out of such relation in the service they undertake to perform. They operate their cars in connection with and attached to trains for the transportation of passengers, and though they do not contract to transport as common carriers, yet in the course of transportation by the carrier they hold themselves out to the traveling public as affording in their palace cars accommodations, comforts, and conveniences superior to those of the ordinary day coach of the carrier, and which they promise to furnish for a reward. They have their own conductors in the management and control of their cars, and their porters to serve and wait upon the passenger; and, as a matter of common knowledge, it is their custom to render assistance to their passengers in disembarking from the train. It is also a matter of common knowledge that it is a common practice for the Pullman conductor to collect from his passenger the train fare, and it is of no importance in this connection by what arrangement with the common carrier or its agents this is done. These conditions and circumstances attending a public service company are in law sufficient to impose the duty of notifying the passenger of arrival at his destination. While no case

[Pullman Company v. Lutz.]

directly in point has been brought to our attention, there are adjudged cases which in principle point to the conclusion announced.—*Pullman Co. v. Smith*, 79 Tex. 468, 14 S. W. 993, 13 L. R. A. 215, 23 Am. St. Rep. 356; *Nevin v. Pullman Co.*, 106 Ill. 222, 46 Am. Rep. 688; *Pullman Co. v. Matthews*, 74 Tex. 654, 12 S. W. 744, 15 Am. St. Rep. 873; 6 Cyc. pp. 656, 657, 4a, 4b, 4c. See, also, Hutchinson on Carriers (3d Ed.), p. 1343, § 1142. We do not mean to intimate, in what we have said above in respect to the duty imposed by law on sleeping car companies, that the common carrier is thereby relieved of its duty to likewise notify the passenger of arrival at his destination. Our conclusion is that the court committed no error in overruling the demurrer.

A motion for a new trial was made by the defendant on grounds that the verdict of the jury was contrary to the evidence and that the same was also excessive. The evidence was in conflict, and the verdict in a general sense was not palpably opposed to the general weight of the evidence; and under the well-settled rule in this court we cannot say that the trial court erred in overruling the motion on this ground. The verdict, however, was a special finding by the jury as to the damages awarded. The jury in its finding and award of damages assessed as compensatory damages $1,000 and as punitive damages $500; total, $1,500. In respect to the punitive damages assessed, it is insisted by counsel for appellant that no malice was shown, and that the facts otherwise did not furnish any ground for the assessment of exemplary or punitive damages. In this case we cannot agree with counsel. If the plaintiff's evidence is to be believed, the negligence of the defendant's agent or servant in failing to notify her of her arrival at her destination, and the time, place, and manner in which

[Pullman Company v. Lutz.]

she was put off the train, were attended with circumstances of aggravation sufficient to justify the imposition of exemplary damages, and we are not prepared to say that the amount imposed was either oppressive or excessive.

But as to the amount of compensatory damages awarded, namely, $1,000, we are of a different opinion. The term "compensatory damages" by necessary implication intends a recompense or reward for some loss or service; a reimbursement for loss suffered by reason of injury to person or property. "They proceed from a sense of natural justice, and are designed to repair that of which one has been deprived by the wrong of another."—13 Cyc. p. 22. The evidence is without dispute that the plaintiff received no personal injury, and the only loss sustained as to property rights was the payment of 5 cents street car fare. It is true her evidence shows that she suffered mentally from fright because of her surroundings at the time and place of being discharged from the train; but these conditions were but momentary, and attended with no serious consequences whatever to body or mind. The weight of authority seems to be that mere fright, unattended by any harmful results to the person frightened in mind or body, furnishes no ground for the recovery of compenstory damages. This doctrine accords with the sense of natural justice. There being no loss or injury to person consequent upon the fright, but merely momentary mental suffering, there is nothing to reimburse. Even if it were conceded that compensatory damages were recoverable for momentary mental suffering from mere fright, on the undisputed evidence we are of the opinion that the damages assessed as compensatory were excessive, and on this ground a new trial should have been granted.

[Birmingham Ry. L. & P. Co. v. Dickerson.]

The foregoing expresses the views of the .writer. AN-DERSON, J., is of the opinion that the verdict as to com-pensatory damages is excessive and for that reason a new trial should be granted. TYSON, C. J., and HARAL-SON, SIMPSON, DENSON, and McCLELLAN, JJ., are of a contrary opinion as to the compensatory damages, hold-ing that on the facts such damages are here recoverable, and that the verdict is not excessive, and on this holding the judgment appealed from must be affirmed.

TYSON, C. J., and HARALSON, SIMPSON, DENSON, and McCLELLAN, JJ., concur. DOWDELL and ANDERSON, JJ., dissent.