# Louisville & Nashville R. R. Co. v. Melton.

### Damages for Death of Horse.

(Decided Dec. 17, 1908.   47 South. 1024.)

1. *Pleading; Admissions by Demurrers.*—On demurrer facts stated in the pleading demurred to are taken as confessed.

2. *Railroads; Injuries to Animals; Complaint.*—A complaint charging that one of defendant's servants in the operation of its locomotive, by loud and terrifying noises, unnecessary in the operation of the engine, intentionally frightened plaintiff's horse to the extent that it died from fright, sufficiently charges that the noises caused the fright which resulted in the death, so as to charge cause and effect; for it is immaterial as to what agency was employed, whether

bodily injury or not, if the loss was the direct and proximate result of the wrong complained of.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Nathan Melton against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appealed. Affirmed.

GOODWYN & MCINTYRE, for appellant. The demurrer to the complaint should have been sustained.—*Pullman Car Co. v. Lutz*, 45 South. 675; *Hill v. Kimball*, 76 Tec. 210; 29 Cyc. 509; 13 Cyc. 42.

FRANK W. LULL, for appellee. No brief came to the Reporter.

DOWDELL, J.—But one question is presented for our consideration, and that arises on the action of the lower court in overruling the demurrer of defendant, appellant here, to the complaint. The complaint contained two counts, in both of which it is charged that the defendant's servant and employe, in the operation of one of defendant's locomotive engines, by loud and terrifying noises unnecessary in the operation of the engine, intentionally freig tened plaintiff's horse "to the extent that it died from fright." The demurrer interposed contained a single ground, viz.: "For that the only claim made in said complaint is for alleged fright of the horse, unaccompanied by any bodily injury inflicted by the defendant, and the complaint therefore states no cause of action."

On demurrer, facts stated in the complaint or plea demurred to are to be taken as confessed. The "claim" made in the complaint is that the horse died from fright, and that the fright was caused by the wrong of the de-

fendant's servant. The claim, therefore, is for more than the "alleged fright of the horse." It is for the death of the horse, caused by the alleged fright. The demurrer admits that the alleged fright caused the death, and if this is true it is unimportant that it was "unaccompanied by any bodily injury inflicted." The damages claimed are for the loss of the horse; and, if the loss was the direct and proximate result of the wrong of the defendant, it is immaterial as to the agency employed in causing the damage. The case of *Pullman Co. v. Lutz,* 154 Ala. 517, 45 So. 675, 14 L. R. A. (N. E.) 907, cited by counsel for appellant, involved a different question from that here presented. The question there presented was whether damages could be had for mental pain and distress occasioned by fright; and in that case, while the court was divided, it was ruled by the majority that such damages were recoverable.

While the complaint in the present case may have been objectionable on some other ground, it was not open to the ground of demurrer stated. It followes, from what we have said, that the judgment must be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.