# Hilley *v.* Central of Georgia Railway Co.

## *Setting Down Passenger at Wrong Station.*

(Decided November 24, 1914.　66 South. 883.)

1. *Appeal and Error; Review; Inadequate Damages.*—Where the action was for damages for inducing the passenger to leave the train at a siding 600 yards from her destination, a verdict awarding nominal damages based on findings justified by the evidence that the passenger suffered no injuries, will not be disturbed on appeal as being contrary to the evidence.

2. *Same.*—Where a passenger was induced to leave the train at a siding 600 yards from her destination, a verdict awarding nominal damages will not be disturbed on appeal as being inadequate, where the jury, though finding that plaintiff suffered injury, were justified in believing that they were so slight that nominal damages would be adequate compensation.

3. *Same; Harmless Error; Cured by Verdict.*—Where the verdict was in favor of plaintiff, error in refusing the affirmative charge to plaintiff is cured.

4. *Same; Evidence.*—Where a plaintiff obtains a verdict, adverse rulings on the evidence are not prejudicial, unless they resulted in the exclusion of evidence which would have justified greater damages than those awarded if it had been admitted.

5. *Same.*—Where the passenger testified fully without objection as to the condition of her health at the time of the happening of the event complained of, any error in excluding evidence that she had recently been in a sanitarium, was not prejudicial to her.

6. *Damages; Punitive; Jury Question.*—In cases where the law permits punitive damages to be awarded, the awarding of them is exclusively within the province of the jury.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Miss A. M. Hilley against the Central of Georgia Railway Company, for the damages for setting her down short of her destination. From a judgment for plaintiff granting insufficient relief, she appeals. Affirmed.

D. R. RIDDLE, for appellant. Only skillful and reasonably prudent persons should be placed in control of

or in responsible positions on trains carrying passengers for hire, and the slightest negligence on their part will render the railroad liable.—*Gray v. Trading Co.,* 55 Ala. 387; *Tanner v. R. R. Co.,* 60 Ala. 621; *G. & A. U. Ry. Co. v. Causler,* 97 Ala. 225. It is the duty of a, person operating a train to know that the place is reasonably safe for persons to alight, and the passenger has the right to assume that such are the conditions. —*Mobile L. & R. Co. v. Walsh,* 146 Ala. 290; *Robertson v. L. & N.,* 142 Ala. 216. The highest degree of care, skill and diligence is required in transporting passengers.—*K. C. M. & B. v. Matthews,* 142 Ala. 298; *M. & E. Ry. Co. v. Mallette,* 92 Ala. 209; *So. Ry. Co. v. Burgess,* 143 Ala. 364. A passenger may reasonably conclude that a train has stopped at a station, and may endeavor to get off where the name of the station has been called, and the train brought to a standstill.— *Smith v. Ga. P. Ry.,* 88 Ala. 533. The verdict was inadequate under the facts.—*So. Ry. v. Crowder,* 130 Ala. 265; *Pullman Co. v. Lutz,* 45 South. 675; *C. of Ga. v. White,* in MSS.

BARNES, DENSON & DENSON, for appellee. The plaintiff had a verdict, and any error committed was therefore, without injury.—*Garrett v. Sewell,* 108 Ala. 521. A new trial will not be granted on appeal unless it appears that the verdict of the jury was palpably wrong. —4 Mayf. 315, and authorities cited.

THOMAS, J.—The appellant brought suit against defendant railroad company, alleging that she was a passenger on defendant's train from Opelika, Ala., to Jackson's Gap, Ala., and that before reaching the latter station she was negligently misled by defendant's servants or agents in charge of the train, and thereby caused

[Hilley v. Central of Georgia Railway Co.]

to leave the train at a time when it stopped on a side track some 600 yards before it reached said Jackson's Gap; she believing when she then disembarked that she was getting off at Jackson's Gap, when in fact she was getting off at the siding mentioned, into which the train had run and stopped in order to let another one pass on the main line. The cause of the mistake she ascribes to the conductor and the train auditor. The former, she asserts and he denies, told her, in response to her inquiry made when the train was at Alexander City, that the next stop was Jackson's Gap; whereas, in truth, the next station, but not the next stop, was Jackson's Gap. Consequently, she says, at the next stop (the siding referred to) she left her seat (without the knowledge of the conductor, however), and was on the platform of the car in the act of disembarking when, it appears, she was discovered by the train auditor, who went to her and, upon being informed by her that she desired to alight, assisted her off. She says, however, that, before telling him there that she wanted to get off, she at the time first asked him if it was Jackson's Gap and he replied, "Yes." He denies this, stating that no inquiry whatever was made of him as to the place they were then at; that he was a new man on the run and did not even know the stations; but that he assisted her in getting off at this place only after seeing her on the platform apparently in the act of getting off and after her statement that she desired to do so then. The jury returned a verdict for the plaintiff, assessing her damages at $1, and she appeals, assigning as error the action of the court in its rulings upon objections to certain questions propounded to witnesses and in refusing a certain charge requested by plaintiff and in overruling plaintiff's motion for a new trial, which was based on the grounds that the verdict

was contrary to the evidence and that the damages assessed were inadequate.

There is nothing in the case to lead us to a conclusion that, under the rules of law governing reviewing courts, we should disturb the lower court's ruling on the motion for a new trial. The plaintiff, it appears, sustained no damages of a character susceptible of a pecuniary measurement in any wise exact, other than the value of the ride, which she lost, from the siding to Jackson's Gap (about 600 yards). After leaving the train, she was met by her friends and relatives, who, upon finding, when the train arrived at Jackson's Gap, where they were waiting for her, that she had disembarked at the siding mentioned, proceeded on down the railroad track to meet her and did meet her promptly as she was coming on up the track towards Jackson's Gap. Whether, in the interim, she suffered mental pain, and whether, as a proximate result of the exposure, she was subsequently made sick and sore, was a question of fact for the determination of the jury, and, in the event they found that she did, it was likewise peculiarly their province to ascertain the extent of it and to determine the amount of damages to be awarded therefor; since the law furnishes no standard for measuring the damages in such matters, but leaves it largely to the judgment and discretion of the jury. We infer, from the size of the verdict rendered, either that they found that she had sustained neither class of such injuries, or, if otherwise, that they were so slight that the jury were of opinion that nominal damages would be sufficient compensation.

If the fact be that the first stated as an inference that might be drawn from the verdict is the correct one (that is, that the jury found that the plaintiff had suffered neither kind of such injuries), then the rules gov-

erning us in reviewing the court's action in overruling
the motion for a new trial based on the ground that the
verdict was contrary to the evidence are laid down in
the leading case of *Cobb v. Malone,* 92 Ala. 630, 9 South.
738, where it is said: "The decision of the trial court,
refusing to grant a new trial on the ground   *   *   *
that the verdict is contrary to the evidence, will not be
reversed, unless, after allowing all reasonable presump-
tions of its correctness, the proponderance of the evi-
dence against the verdict is so decided as to clearly con-
vince the court that it is wrong and unjust."

On the other hand, if the fact be that the second stated
as an inference that might be drawn from the verdict
is the correct one (that is, that the jury, though finding
plaintiff had suffered injury in the two particulars
mentioned were of opinion that they were so slight that
nominal damages would be adequate compensation),
then the rules governing us in reviewing the court's ac-
tion in overruling the motion for a new trial based on
the ground that the damages assessed were inadequate
are thus stated by our Supreme Court in *Central of Ga.
Ry. Co. v. White,* 175 Ala. 60, 56 South. 574 (quoting
approvingly 8 Am. & Eng. Ency. Law, 628): Where
damages are susceptible of pecuniary estimate, and can
be assessed with reference to or even limited by fixed
standards and established values, the question of their
excessiveness or inadequateness in not usually one of
difficulty. But when the damages cannot be estimated
in this way the question is not so easily decided. "As
the quantum of damages is in such cases a matter of
discretion for the jury, the trial court will not set aside
a verdict for damages merely because of its opinion that
the jury gave too much or too little. And, when a trial
court has refused to disturb a verdict on account of the
amount of the recovery, the appellate court is very re-

39 CA

luctant to substitute its judgment for that of the jury and court below. To such an extent is the measure of recovery, where not susceptible of a pecuniary estimate, deemed a matter of discretion for the jury, that the universal rule is that a judgment will not be reversed on this ground alone, unless the amount is so excessive or so grossly inadequate as to be indicative of prejudice, * * * partiality, or corruption on the part of the jury. * * * If we can reasonably do so, we are bound to attribute the size of the verdict to the effect of the evidence, rather than to passion, prejudice, or other improper mental attitude of the jury."

Under these rules—whichever way of the two ways mentioned the verdict may be construed—we are not of opinion that there is anything in the evidence that would justify us in reversing the trial court's action in overruling the motion for a new trial.

The written charge refused to appellant by the court was the affirmative charge. Even if there was error in refusing such charge, it was cured by the verdict of the jury returned, as stated, in plaintiff's (appellant's) favor.

For the like reason, any rulings on the evidence adverse to plaintiff, even if erroneous, would be without injury (she having recovered notwithstanding), unless those rulings resulted in the exclusion of evidence that if admitted would have afforded ground for the enhancement of the damages recovered.—*Garrett v. Sewell,* 108 Ala. 521, 18 South. 737. It cannot, we think, be rationally contended that any of the evidence excluded bore on any issue other than the issue of plaintiff's right to recover vel non, except the fact, if it be a fact, that plaintiff, recently before the trip, had been in a sanatorium (the proffered proof of which fact was designed, we presume, to furnish basis for an infer-

[Willoughby v. Birmingham Railway, Light & Power Co.]

ence that the condition of plaintiff's health was bad at the time of the wrong complained of here). Even assuming (though we do not so decide) that the fact would legally warrant such an inference, there was no injury in excluding it; since plaintiff, who was the only witness by whom plaintiff offered to make proof of the fact that she had been in a sanatorium, was permitted fully to testify positively, without objection, as to the condition of her health at the time of the alleged wrong upon which this suit is predicated.

There is nothing in the case before us to warrant the infliction of punitive damages (*Wilkinson v. Searcy,* 76 Ala. 176); and, if there was, such fact would not authorize a reversal, as the infliction or not of punitive damages, in cases where the law permits them to be awarded, is a matter exclusively for the jury.

It follows that the judgment appealed from is affirmed.

Affirmed.