# Birmingham Railway, Light & Power Co. *v.* Torpy.

### Carrying Passenger Beyond Destination.

(Decided November 16, 1915. 70 South. 198.)

1. **Appeal and Error; Review; Verdict.**—A verdict of a jury awarding damages for personal injury will not be reviewed on appeal except when not supported by the evidence, or when it plainly appears that it was the result of passion, prejudice or other improper motive.

2. **Carriers; Injury; Passenger; Damages.**—Where plaintiff was a woman sixty-one years of age, and testified to fright while walking a mile back to her station, and that such walk, coupled with the necessary walk to her destination, produced an illness lasting over a month, and that other minor injuries occurred, but admitted that she took a car trip on the following day, the matter of damages was a question for the jury, and an award by them of $400 cannot be held excessive, or the result of passion or prejudice.

3. **Court; Decisions Binding; Court of Appeals.**—The act creating the Court of Appeals makes the decision of the Supreme Court binding upon the Court of Appeals.

4. **Carriers; Passengers; Carrying by Destination.**—Where plaintiff asserted that fright and a month's illness resulted to her from being carried beyond her destination, it was proper to refuse charges limiting recovery to nominal damages in case the jury found the injuries were inconsequential.

5. **Same; Evidence.**—Where a plaintiff sought to recover damages for being carried beyond her destination, evidence of resulting loss of earnings while incapacitated was admissible.

[Birmingham Railway, Light & Power Co. v. Torpy.]

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Mary A. Torpy against the Birmingham Railway, Light & Power Company, for damages for injury for being carried beyond her destination. Judgment for plaintiff in the sum of $400.00, and defendant appeals. Affirmed.

TILLMAN, BRADLEY & MORROW, and T. A. McFARLAND, for appellant. GOODWYN & ROSS, for appellee.

PELHAM, P. J.— (1, 2) The plaintiff's testimony was somewhat conflicting as to the physical effect produced upon her in consequence of being obliged to walk back something over a, mile to the station of her destination on the defendant's line of railway, past which she had been carried, and in continuing the walk about another mile to the home of her sister. It was purely a matter for the jury as to what credence was given to the statements and what part of this testimony it believed and accepted as a basis for a verdict. The plaintiff was a woman 61 years of age, and there was a phase of her testimony affording an inference for a belief upon the part of the jury that, as a proximate consequence of the defendant's negligence in carrying her past the station of her known destination, she suffered mentally from fright because of her surroundings in being discharged from the car at a point between stations and having to walk back for more than a mile along the street car track in a sparsely settled neighborhood, part of the .way "sort of in the woods like," and arriving at her sister's home after dark, being unable, although she tried, to get some one to accompany her from the station to her sister's home. This evidence, affording, as it does, a basis for an inference that the plaintiff suffered mentally from fright, is supplemented by another phase of the plaintiff's testimony, to the effect that she was sick at the time of making the trip, and had a nervous headache that night; that her feet were made sore; and that she was sick for about a month afterward. The plaintiff also testified on cross-examination that she was up and going about her business and took a trip to Bessemer on the street car the next day, and went about to several places during the month immediately following being carried by the station. But we are unable to say what credence the jury, who had the benefit of seeing and hearing the plaintiff testify, gave to the  ·

statements with reference to her injury and suffering; and, consequently, cannot say the verdict returned by it ($400) was excessive, as the law has fixed no standard for the admeasurement of damages by a jury in a case like this, and the verdict of the jury should not be disturbed, except where not supported by the evidence and the inferences to be drawn from it, and where it plainly appears that the verdict has been produced by passion, prejudice, or other improper motive.—*Montgomery Light & Traction Co. v. King,* 187 Ala. 619, 65 South. 998; *National Surety Co. v. Mabry,* 139 Ala. 217, 35 South. 698; *Central of Georgia Ry. Co. v. White,* 175 Ala. 60, 56 South. 574; *Hilley v. Central of Georgia Ry. Co.,* 11 Ala. App. 65, 66 South. 883.

Under the phase of the plaintiff's testimony referred to, if believed by the jury—and that is a matter for the jury—the amount assessed as compensatory damages for personal injuries and mental suffering cannot be said to be excessive, or indicative of passion, prejudice, or other improper motive on the part of the jury, whose province, within the limitation of judicial control we have referred to, it is to ascertain and fix the amount of damages in such cases. Where a trial court has refused to disturb a verdict on account of the amount of the recovery, the appellate court is very reluctant to substitute its judgment for that of the jury and court below; and, where it can reasonably be done, we are bound to attribute the size of the verdict to the effect of the evidence, rather than to passion, prejudice, or other improper mental attitude of the jury.—*Central of Georgia Ry. Co. v. White, supra.*

(3) It is made the duty of this court by statute to conform its holdings to those of the Supreme Court, and our conclusion in this case finds ample support in the case of *Pullman Co. v. Lutz,* 154 Ala. 517, 45 South. 675, 14 L. R. A. (N. S.) 907, 129 Am. St. Rep. 67, in which that court held that a recovery of $1,000, where the plaintiff (a woman in that case, as this) had been carried by her destination, could not be said to be excessive compensatory damages for mental suffering due to temporary fright entailing no serious consequences. The facts of that case, as shown by the opinion, make, to say the least of it, no stronger showing as a basis for the recovery of compensatory damages than the facts shown by this record. We find nothing in the Alabama cases cited by appellant that conflicts, or is in the way of our holding in the instant case.

(4) The charges limiting the recovery to nominal damages if the jury believed the injuries received to have been of an inconsequential nature were abstract and misleading, as applied to the evidence in the case, and were properly refused.

(5) One of the statements of the plaintiff when being examined as a witness in her own behalf was to the effect that she earned $4 or $5 a week as a nurse, and that she was unable to do her work for about a month. This was for the jury, as was also the question of the other damage as to her physical injury and mental suffering.—*Gambill v. Fuqua*, 148 Ala. 448, 42 South. 735; *Sloss-Sheffield Steel & Iron Co. v. Stewart*, 172 Ala. 516, 55 South. 785.

Affirmed.