**PULLMAN CO. et al. v. URIBE.  (No. 1135.)**

(Court of Civil Appeals of Texas. El Paso. Nov. 11, 1920.)

1. Railroads ⬅5½, New, vol. 6A Key-No. Series—Director General's order as to venue invalid.

The order of the Director General of Railroads that suits against carriers while under federal control be brought in the county or district where plaintiff resided, or the cause of action accrued, is contrary to the act of Congress (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 3115¾h–3115¾j) providing that actions may be brought "as now provided by law."

2. Courts ⬅7 — Action against carrier for loss of baggage is transitory.

A passenger's action for money stolen from his suit case while riding in a Pullman car is transitory, and maintainable wherever a court may be found having jurisdiction of the parties and the subject-matter.

3. Carriers ⬅399—Where porter takes personal possession of baggage and steals money therefrom, carrier is liable.

A carrier's liability for the loss of baggage is not limited to such personal effects as passenger may reasonably need for his personal use, where the carrier's porter took personal possession of the baggage and purloined money therefrom.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Action by Gilberto Uribe against the Pullman Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Burges & Burges, of El Paso, for appellants.

W. S. Berkshire, of El Paso, for appellee.

HARPER, C. J.  This suit was brought by appellee, Gilberto Uribe, against the Pullman Company and Walker D. Hines, as Director General of Railroads, operating the Pullman lines, for $645, which, he alleges, was stolen from his suit case while in the personal possession of the porter of the Pullman car in which he was riding as a passenger.

Defendants answered by general and special exceptions, by which the jurisdiction of the trial court is questioned upon the grounds that the petition shows that the plaintiff was not a resident of El Paso county, state of Texas, at the time of the accrual of the cause of action, and that neither the cause of action, nor any part thereof, arose within the jurisdiction of the court. Defendant Hines pleaded a general denial, and specially that, if he did undertake to furnish plaintiff and his baggage with sleeping car accommodations, he did so as an operator of sleeping and parlor cars and not as a transportation company, and did not undertake to transport the properties as freight, and plaintiff was only allowed to take such hand baggage as was reasonably requisite and necessary for his journey; that he had no knowledge of, and did not undertake to care for, the money, because it was not personal baggage.

Tried with jury, submitted upon special issues, and upon the answers judgment was rendered for the $645, from which this appeal. The case was dismissed as to Pullman Company, and prosecuted to judgment against Director General of Pullman lines.

The first question urged is that the trial court had no jurisdiction because the Pull-

---

man lines were being operated through the Director General· of Railroads, under and by virtue of an act of Congress (U. S. Comp, St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 3115¾h–3115¾j) which authorized the President by proclamation to prescribe the jurisdiction to be taken of causes of action against the said Director General, and that, pursuant to said act of Congress, General Orders Nos. 18, 18a, and No. 26, which read, in·effect:

It is· ordered that all suits against carriers while under federal control must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action or in the county or district where the cause of action arose

—were so promulgated, and it appears that the plaintiff was not a resident of Texas, but of New Mexico, and that the loss, if any, accrued in New Mexico.

[1, 2] A full discussion of this question may be found in the case of El Paso & S. W. Ry. Co. v. Lovick, 210 S. W. 283, by this court, and wherein a like contention was overruled, upon the ground .that the orders relied upon are inconsistent with and contrary to that portion of the act of Congress which provides:

"Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law"

—and the further ground that the cause of action is transitory, and therefore maintainable wherever a court might be found having jurisdiction of the parties and subject-matter. These assignments, 1 to 3, are therefore overruled.

The special issues submitted and the answers thereto are as follows:

"Interrogatory No. 1: Do you find from a preponderance of the testimony that the porter in charge of the car in which plaintiff was riding between Lordsburg, N. M., and El Paso, Tex., took charge of and had in his possession plaintiff's suit case? Answer 'Yes' or 'No.' Answer: Yes.

"Interrogatory No. 2: Do you find from a preponderance of the testimony that the por-·ter in charge of the car in which plaintiff was riding between Lordsburg, N. M., and El Paso, Tex., purloined any money from the suit case belonging to plaintiff? Answer 'Yes'. or 'No.' Answer: Yes.

"Interrogatory No. 3: If you have answered interrogatory No. 2 'Yes,' then how much money do you find, from a preponderance of the testimony, was purloined? Answer: $645.

"Interrogatory No. 4: How much money would be a reasonable sum for a passenger traveling with his wife and one other person, from Clifton, Ariz., to El Paso, Tex., to carry with him for traveling expenses? Answer: $75."

The fourth assignment is that the court should have rendered judgment for only $75;

this being the amount the jury found was reasonably necessary for· plaintiff to have had on such a trip.

[3] The rule that a passenger upon a Pullman car may only recover for the loss of such personal effects as he might reasonably need for his personal use is announced in Pullman Co. v. Pollock, 69 Tex. 120, 5 S. W. 814, 5 Am. St. Rep. 31, and other cases cited, but applied to cases of loss by the negligence of the servants of the company, and not to a case like this, where the company's servant took personal possession of the effects, and where it is found as a fact that the porter purloined the property. In such cases the rule, we think, is and should be that the company cannot so limit its liability. Pullman Co. v. Mathews, 74 Tex. 654, 12 S. W. 744, 15 Am. St. Rep. 873; Ruling Case Law, vol. 25, p. 36, § 21; L. R. A. 1915B, note, p. 622; note, 56 Am. Rep. 850.

The assignments are therefore overruled, and the cause affirmed.