## PULLMAN CO. v. BULLOCK. (No. 683.)

(Court of Civil Appeals of Texas. Beaumont. May 9, 1921. Rehearing Denied May 25, 1921.)

1. **Carriers** &#8683;413(1)—**Sleeping car company not insurer of effects of passengers, but must use reasonable care to see they are not stolen.**

A sleeping car company is not an insurer of personal effects belonging to a passenger, but only required to use reasonable diligence or care in seeing that property of passengers is not purloined or stolen.

2. **Carriers** &#8683;417—**Mere loss of passenger's personal effects insufficient to establish negligence of the company.**

The loss alone of personal effects of a passenger while occupying a berth of a sleeping car is not sufficient on which to base a finding of negligence against the company.

3. **Carriers** &#8683;417—**Evidence held to authorize jury's conclusion that porter stole passenger's diamond.**

In a passenger's action against a sleeping car company for the loss of a diamond stickpin, evidence *held* sufficient to authorize a reasonable deduction or conclusion by the jury that the defendant's porter was guilty of the theft of plaintiff's diamond stud.

4. **Carriers** &#8683;413(2)—**If porter steals diamond left under pillow, carrier is liable.**

If a porter steals a passenger's diamond left under his pillow, the carrier, in contemplation of law, is guilty of negligence, and liable for its value.

5. **Carriers** &#8683;417—**Passenger going to washroom and leaving diamond under pillow held not contributorily negligent as matter of law.**

A passenger going from his berth to the washroom and leaving his diamond under his pillow was not guilty of contributory negligence as a matter of law.

Appeal from Harris County Court; George D. Sears, Judge.

Suit by C. M. Bullock against the Pullman Company. Verdict and judgment for plaintiff, and the defendant appeals. Affirmed.

Andrews, Streetman, Logue & Mobley, and E. J. Fountain, Jr., all of Houston, for appellant.

Meek & Kahn, of Houston, for appellee.

HIGHTOWER, C. J. This suit was filed by the appellee, C. M. Bullock, in the county

court, at law, of Harris county, against appellant, to recover the value of a diamond stud which the appellee alleged was stolen from him in consequence of negligence on the part of appellant, while appellee occupied a berth on one of appellant's sleeping cars, and the trial resulted in a verdict and judgment in favor of appellee for $247.50, from which judgment this appeal is prosecuted.

Appellee alleged, substantially, that he boarded one of appellant's Pullman cars between 8 and 9 o'clock one night, at Dallas, Tex., for the purpose of being transported to Knoxville, in the state of Tennessee; that he did not retire for the night until some time between 9 and 10 o'clock, at which time he went to his berth, and at the time wore a diamond stud in his necktie, which he removed on retiring, and placed the same again in the tie, pinning it through a cardboard, so that it would firmly be held in the tie, and, after doing this, placed the tie containing the diamond stud, thus fastened, under his pillow on the berth, and between the pillow and the slip in which it was incased; that during the night some time the diamond stud pen was stolen from the pillow, and that this was because of a negligent failure on the part of appellant to keep a proper and reasonable watch for the protection of his property, etc., and further, he alleged, substantially, that he believed that appellant's porter was the person who stole his diamond.

The case was tried with a jury, and in answer to a special issue it was found that appellant was guilty of negligence, as claimed, which resulted in the theft and loss of appellee's diamond, judgment following accordingly.

The first assignment of error complains of the refusal of the trial court to give a peremptory instruction in favor of appellant. There are several propositions under this assignment, the principal ones being that there was no evidence whatever showing or tending to show that appellant was guilty of negligence, as claimed, or even that appellee's diamond was stolen at all.

The only evidence offered upon the trial of this case was that of the appellee himself. He testified, substantially, that, upon retiring, between 9 and 10 o'clock, he took off his tie and took the diamond therefrom, and again placed the diamond in the tie, pinning the same through a pasteboard, just as he had alleged in his petition, and then placed the tie, with the diamond in it, under his pillow, as before stated. He further testified that he was accompanied on the journey from Dallas to Knoxville by his sister, who occupied a berth right under his; that after retiring he was not disturbed in his slumbers at any time during the night, and, so far as he knew, no person was at or near his berth, other than his sister, who, as we have just stated, occupied a berth right under his.

He further testified that the next morning, about 8 o'clock, he arose from the berth and went immediately to the washroom in the car, and after being there a few moments, not exceeding three or four minutes, it occurred to him that he had left his diamond stud in his tie under his pillow, and he immediately went back to his berth to get the diamond, and that, when he returned to his berth, he found appellant's porter at the berth, taking off and replacing the linen, etc., and saw that the pillow under which he had placed his tie containing the diamond had been removed; that he immediately told the porter that he had left his diamond in his tie under his pillow, to which the porter replied that he had removed the pillow, and that it was back in the pillow room, and that the case had been removed from it, but that he saw no diamond about the pillow, and knew nothing about the diamond.

Appellee further testified that he found his tie on the berth, where the porter was standing when he returned to the berth, as before stated, but was never able to find his diamond stud. He immediately reported the loss to appellant's conductor, and that gentleman and the porter stated to appellee that they would make investigation, and search for the diamond, etc., and try to locate it. Appellee further testified that he heard nothing else from appellant's conductor about the diamond, and that if either of them made any effort to locate it, he knew nothing about it. Neither the conductor nor the porter was placed on the witness stand.

[1] It is correctly contended by counsel for appellant, in the brief, that a sleeping car company is not an insurer of personal effects belonging to a passenger on one of its cars, but is only required to use reasonable diligence or care in seeing that such effects belonging to passengers are not purloined or stolen while occupying berths in their cars. This, in effect, was the holding of the Supreme Court of this state, speaking through Justice Stayton, in the case of Pullman Co. v. Pollock, 69 Tex. 120, 5 S. W. 814, 5 Am. St. Rep. 31, and the rule there announced has been followed and reiterated wherever the point afterwards arose in this state. Pullman Co. v. Arents, 28 Tex. Civ. App. 71, 66 S. W. 329; Pullman Co. v. Matthews, 74 Tex. 654, 12 S. W. 744, 15 Am. St. Rep. 873; Stevenson v. Pullman Co., 26 S. W. 112; Belden v. Pullman Co., 43 S. W. 22.

[2] It is also correctly contended by appellant, under this assignment, that the loss alone of personal effects of a passenger while occupying a berth of a sleeping car company is not sufficient upon which to base a finding of negligence against the company. Pullman Co. v. Hatch, 30 Tex. Civ. App. 303, 70 S. W. 771; Pullman Company v. Arents, supra.

[3, 4] While admitting, however, the cor-

rectness of the legal propositions contended for, we hold in this case that the evidence of the appellee, which we have substantially stated above, was sufficient, if given credence by the jury, to authorize a reasonable deduction or conclusion by the jury that appellant's porter was guilty of the theft of appellee's diamond stud. And if the porter did steal appellant's diamond, then, in contemplation of law, appellant was guilty of negligence, and liable to appellee for the value of his diamond. We do not deem it necessary to discuss the point further.

[5] There is nothing in appellant's contention that appellee was guilty of contributory negligence, as a matter of law, in going from his berth to the washroom, leaving his diamond under his pillow.

Other assignments raised have been considered, but we find nothing in them, and the judgment will be affirmed.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes